**JOHNSON et al. v. COMMISSIONER OF INTERNAL REVENUE.**

**No. 6174.**

Circuit Court of Appeals, Fifth Circuit.

Feb. 25, 1932.

-Harry C. Weeks, of Wichita Falls, Tex., for petitioners.

G. A. Youngquist, Asst. Atty. Gen., Sewall Key, F. Edward Mitchell, S. Dee Hanson, and Whitney North Seymour, Sp. Assts. to Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Allin H. Pierce, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before BRYAN, FOSTER, and WALKER, Circuit Judges.

FOSTER, Circuit Judge.

The Commissioner of Internal Revenue assessed deficiencies of income taxes for the year 1921 and 1922 against the Barr-Davis Oil Company of Texas, amounting to $19,-228.77. Prior thereto the company had been liquidated and the assets distributed to the stockholders. The commissioner notified petitioners and other stockholders of his intention to assess the deficiencies against them as transferees, under the provisions of section 280 of the Revenue Act of 1926 (26 USCA § 1069 and note). On appeal to the Board of Tax Appeals the commissioner was affirmed. 19 B. T. A. 840.

From the findings of fact by the board, it appears that the Barr-Davis Oil Company was an unincorporated joint-stock company with an authorized capital stock of $75,000, divided into 7,500 shares of $10 par value, all of which were issued. Its assets consisted of an oil and gas lease, on which was a producing oil well, and certain equipment. Dissension arose between J. F. Davis, who held 2,590 shares of the stock, and the other stockholders, and in February, 1921, the company purchased all the Davis stock for $104,000. In October, 1921, the company sold all its assets and assigned the lease to the Griswold Oil Company for $200,000, payable $50,000 cash, the balance in installments, $10,000 each in 30, 60, and 90 days, and $5,000 monthly thereafter. Of the purchase price, $95,000 was actually paid in 1921 and the balance thereafter as the installments matured. It is admitted that petitioners received assets of the company equal in value to the portion of the taxes assessed against them.

It is contended by petitioners that the entire profit from the sale of the assets was taxable in 1921, instead of being divided between that year and 1922, and the board erred in not reversing the commissioner and so holding. In this connection it is suggested the board overlooked the allegation of the pe-

tition, admitted in the answer, that the deferred payments were evidenced by notes in the usual form.

It is not surprising that the board omitted mention of the notes in its findings. The assignment is silent as to them. They were not introduced in evidence nor brought to the board's attention by the testimony. The burden was on petitioners to show that the notes, if given, were equivalent to cash, and this was not done. Furthermore, it appears from the exhibits filed by petitioners that returns were made on the cash receipts and disbursements basis, not on the accrual basis, and that part of the price received for the sale of assets was returned by the company for each of the years 1921 and 1922. The contention is without merit.

 The main contention of petitioners is that the payment to Davis for his stock should be considered as increasing the cost of the property sold to the Griswold Oil Company in determining the profit from the sale, under the provisions of section 202 (a) of the Revenue Act of 1921 (42 Stat. 229). If not, it should be deductible as a loss sustained during the taxable year, under section 234 (a) (4) of the said statute.

Argument is unnecessary to demonstrate that what was paid to Davis for his stock added nothing to the actual cost of the assets. The Treasury Department has always ruled that a corporation receives no gain or loss from the purchase of its own stock. See article 543, T. R. 62 (1921). This is a reasonable and logical ruling and may be considered to have congressional approval by the enactment of subsequent revenue laws without any attempt to change it. The Board of Tax Appeals has consistently followed this ruling, holding such purchases to be capital transactions, amounting to a distribution of the stockholders' share of the assets.

The correctness of this ruling is not seriously disputed by petitioner as applied to a corporation, but a distinction is sought to be made on the ground that the Barr-Davis Company was a partnership under the laws of Texas; that the rule as to corporations does not apply to it; and that the transaction was really the acquisition of a partner's interest in the partnership property and constituted a part of the cost of the property.

The argument is ingenious but not convincing. Taxing statutes are arbitrary and the United States revenue acts class joint-stock associations as corporations for the purpose of determining profits, allowing deductions, and assessing taxes. It is immaterial how such companies are classed by the laws of the state in which they are domiciled. State laws do not control federal taxing statutes unless creating a rule of property, which is not the case here. Burk-Waggoner Oil Ass'n v. Hopkins, 269 U. S. 110, 46 S. Ct. 48, 70 L. Ed. 183; section 2 (2), Revenue Act of 1921 (42 Stat. 227). It was not error for the board to hold that the Barr-Davis Company, and consequently the petitioners, suffered no deductible loss by the purchase of the Davis stock.

Other errors are assigned but they have not been pressed and may be considered abandoned. If not, it is sufficient to say they are equally without merit and require no discussion.

The petition is denied.