**COMMISSIONER OF INTERNAL REVENUE v. S. A. WOODS MACH. CO.**

**No. 2616.**

Circuit Court of Appeals, First Circuit.

April 7, 1932.

J. Louis Monarch, Sp. Asst. to Atty. Gen. (G. A. Youngquist, Asst. Atty. Gen., Wm. Earl Smith, Sp. Asst. to Atty. Gen., and C. M. Charest, Gen. Counsel, and Chester A. Gwinn, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., on the brief), for petitioner for review.

Henry H. Dinneen, of Baltimore, Md., for S. A. Woods Mach. Co.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

MORTON, Circuit Judge.

This is an appeal by the government from a decision by the Board of Tax Appeals. The respondent, which we shall refer to as the Woods Company, sued the Yates Machine Company for infringement of a patent and obtained a decree in its favor, with the usual order of reference to ascertain damages and profits. The parties then settled the controversy and, in connection with the settlement, the Yates Company transferred to the Woods Company 1,022 shares of the capital stock of the Woods Company having a value of $433,200.04. For this stock and the other considerations coming to it under the agreement of settlement, the Woods Company acknowledged satisfaction of its rights under the decree. After acquiring the stock, the Woods Company by proper corporate action retired it, thereby reducing its capital stock from 3,000 shares to 1,978 shares.

The Commissioner ruled that the value of the stock received was taxable income. As

it had not been returned, he assessed a 5 per cent. penalty for negligence in making the return. The Board of Tax Appeals held—six members dissenting—that the receipt of the stock did not constitute taxable income. The majority of the Board said: "We have uniformly held that the corporation realizes no gain or loss from the purchase or sale of its own stock." "But when it (the Woods Co.) received 1,022 shares of its own common stock, it owned no property which it did not own before. The corporation, S. A. Woods Machine Company, was already the owner of all the property of the corporation, and the acquirement of these 1,022 shares added nothing to this ownership."

The statute definition of "gross income" (Revenue Act of 1924, chapter 234, §§ 233, 213, 26 USCA § 985; § 954 and note) is in general terms which throw no light on the present question. The Treasury Regulations provide: "If * * * for any * * * purpose the stockholders donate or return to the corporation certain shares of the stock of the company previously issued to them, or if the corporation purchases any of its stock and holds it as treasury stock, the sale of such stock will be considered a capital transaction and the proceeds of such sale will be treated as capital and will not constitute income of the corporation. A corporation realizes no gain or loss from the purchase or sale of its own stock." Reg. 65, Art. 543.

■ Whether the acquisition or sale by a corporation of shares of its own capital stock gives rise to taxable gain or deductible loss depends upon the real nature of the transaction involved. Walville Lumber Co. v. Com. of Internal Revenue (C. C. A.) 35 F.(2d) 445; Spear & Co. v. Heiner (D. C.) 54 F.(2d) 134. If it was in fact a capital transaction, i. e., if the shares were acquired or parted with in connection with a readjustment of the capital structure of the corporation, the Board rule applies. Doyle v. Mitchell Bros. Co., 247 U. S. 179, 184, 38 S. Ct. 467, 62 L. Ed. 1054; Eisner v. Macomber, 252 U. S. 189, 40 S. Ct. 189, 64 L. Ed. 521, 9 A. L. R. 1570. But where the transaction is not of that character, and a corporation has legally dealt in its own stock as it might in the shares of another corporation, and in so doing has made a gain or suffered a loss, we perceive no sufficient reason why the gain or loss should not be taken into account in computing the taxable income. The view taken by the Board of Tax Appeals (see Houston

Brothers Co. v. Commissioner, 21 B. T. A. 804) presses accounting theory too far in disregard of plain facts. It is not supported by any decision which has come to our attention except those of the Board. In Knickerbocker Imp. Co. v. Board of Assessors, 74 N. J. Law, 583, 585, 65 A. 913, 915, 7 L. R. A. (N. S.) 885, the plaintiff corporation was held liable for the franchise tax on its own stock which it had bought and held in its treasury. The court said: "Stock once issued is and remains outstanding until retired and canceled by the method provided by statute for the retirement and cancellation of capital stock." (Dill, J.) In United States v. Kirby Lumber Co., 284 U. S. 1, 52 S. Ct. 4, 76 L. Ed. ——, dealing with a question somewhat similar to the present one, the court said: "We see nothing to be gained by the discussion of judicial definitions. The defendant in error has realized within the year an accession to income, if we take words in their plain popular meaning, as they should be taken here." (Holmes, J.) See, too, Maryland Casualty Co. v. United States, 251 U. S. 342, 40 S. Ct. 155, 64 L. Ed. 297. As has often been said, taxes are practical things and should be dealt with on a practical basis.

■ The transaction involved in this case was equivalent to the payment of the debt in cash and the investment of the proceeds by the corporation in its own stock. If that had been done clearly the cash received would have been taxable income. The transaction was not changed in its essential character by the fact that, as the debtor happened also to own the stock, the money payment and the purchase of stock were by-passed, and the stock was directly transferred in payment of the debt. The stock was the medium in which the debt was paid. The wide door to evasion of taxes opened by the decision of the Board is an additional reason, and a weighty one, against it.

■ The penalty was wrongfully assessed. The Woods Company had the right to act on its own view of the law, if honestly held and not obviously untenable. That it was honestly held, there appears no reason to doubt; that it was not obviously untenable is shown by the decision of the Board.

The order or decision of the Board of Tax Appeals is reversed, and the case is remanded to that Board for further proceedings not inconsistent with this opinion.