## COMMISSIONER OF INTERNAL REVENUE v. BOCA CEIGA DEVELOPMENT CO.

No. 5082.

Circuit Court of Appeals, Third Circuit.
Aug. 23, 1933.

Sewall Key and John G. Remey, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and James K. Polk, Jr., Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for petitioner.

Palmer Watson, of Philadelphia, Pa., for respondent.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

DAVIS, Circuit Judge.

This petition involves income taxes for the fiscal year ending February 28, 1926.

On October 30, 1925, the respondent, the Boca Ceiga Development Company, a Florida real estate corporation, sold a tract of land to one of its stockholders for a gross consideration of $504,000, and received from the purchaser 480 shares of its capital stock, valued at $48,000, as the initial payment. For income tax purposes, the Commissioner of Internal Revenue computed the realized profit upon the installment sale basis as follows:

"Sale Price:

| | |
|---|---|
| Mortgage | $384,000.00 |
| Mortgage assumed by vendee | 42,000.00 |
| Stock of taxpayer corporation at par value also fair market value | 48,000.00 |
| Notes receivable ($30,000.00, no market value) | |
| Total sales price exclusive of notes | 474,000.00 |
| Cost | 199,448.29 |
| Profit | 274,551.71 |
| Sales price | 474,000.00 |
| Less: Mortgage assumed by vendee | 42,000.00 |
| Amount to be paid by vendee | $432,000.00 |
| Percentage of profit, $274,551.71÷$432,000=.63553 | |
| Initial payment | $ 48,000.00 |
| Profit realized | $ 30,505.44" |

The question involved in this case is whether or not the respondent realized any taxable gain on the initial payment made to it with its own stock.

The Commissioner determined that the proportion of the initial payment, which represented profit, was taxable regardless of the fact that the respondent's stock was the medium by which the payment was made. The Board of Tax Appeals was of the opinion that the respondent realized no gain from the transaction during the taxable year since it had received therein shares of its stock only. The Commissioner brought this petition to review the Board's order of redetermination.

The Board's decision that a corporation realizes neither a gain nor loss from the purchase of its stock was in keeping with its position at the time when it determined this case (Houston Brothers Company, 21 B. T. A. 804; S. A. Woods Machine Company, 21 B. T. A. 818; Schiller Piano Company, 23 B. T. A. 376), although its earlier decisions were to the contrary. Behlow Estate Company, 12 B. T. A. 1365; New Jersey Porcelain Company, 15 B. T. A. 1059. Meanwhile, the courts have held that a corporation acquiring its own stock may recognize a gain or loss provided the purpose of the transaction was not merely a capital readjustment [Johnson v. Commissioner (C. C. A.) 56 F. (2d) 58, certiorari denied 286 U. S. 551, 52 S. Ct. 502, 76 L. Ed. 1287], but a sale of property. Walville Lumber Company v. Commissioner, 35 F.(2d) 445 (C. C. A. 1); Spear & Co. v. Heiner, 54 F.(2d) 134 (D. C. W. D. Pa.); Commissioner v. S. A. Woods Machine Company, 57 F.(2d) 635, 636 (C. C. A. 1). Since these decisions, the Board has adopted the rule laid down by the courts. Houghton and Dutton Company, 26 B. T. A. 52.

The question here is disposed of by the following quotation from the Woods Case, supra: "The transaction involved in this case was equivalent to the payment of the debt in cash and the investment of the proceeds by the corporation in its own stock. If that had been done clearly the cash received would have been taxable income. The transaction was not changed in its essential character by the fact that, as the debtor happened also to own the stock, the money payment and the purchase of stock were by-passed, and the stock was directly transferred in payment of the debt. The stock was the medium in which the debt was paid. The wide door to evasion of taxes opened by the decision of the Board is an additional reason, and a weighty one, against it."

The determination of the Commissioner is approved, and the order of the Board of Tax Appeals reversed.