## CARTER HOTEL CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 3438.

Circuit Court of Appeals, Fourth Circuit.
Nov. 18, 1933.

Camden R. McAtee, of Washington, D. C. (Mason, Spalding & McAtee, of Washington, D. C., on the brief) for petitioner.

John G. Remey, Sp. Asst. to Atty. Gen. (Sewall Key, Sp. Asst. to Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Owen W. Swecker, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., on the brief), for respondent.

Before PARKER, and SOPER, Circuit Judges, and GLENN, District Judge.

PARKER, Circuit Judge.

This is a petition by the Carter Hotel Company to review a decision of the Board of Tax Appeals. The question involved concerns the right of petitioner to a deduction from its tax return for the year 1926 on account of a loss which it claims to have sustained during that year. This loss is said to have occurred as the result of the issuance of preferred stock in 1924 at less than par with the privilege of redemption within two years, and the failure to exercise this privilege within the redemption period. The Board held that petitioner was not entitled to the deduction.

The facts are as follows: In 1924 petitioner needed a substantial amount of money, but was unable to raise it either by borrowing in ordinary course or by sale of stock. Its directors met the situation by providing for the issuance of preferred stock at 75 per cent. of its par value, with privilege of repurchase or redemption at any time within two years upon repayment of the purchase price with dividends at the rate of 8 per cent. thereon, but subject to the provision that, if not so purchased or redeemed within the two-year period, it should become the absolute property of the holder. Preferred stock of a par value of $40,933.33 was issued pursuant to this plan, and petitioner received for it the sum of $30,700. The two-year redemption period expired in 1926, and the rights of the holders of the stock thereupon became indefeasible. Petitioner claims the right to deduct from income, as a loss of that year, the sum of $10,233.33, being the difference between the amount received for the stock and its par value, on the theory that, by failing to redeem, it in effect gave stock of a value of $40,933.33 in satisfaction of a debt of $30,700. The Board of Tax Appeals disallowed this claim, and the correctness of this ruling is the sole question presented by the petition for review.

The contention of petitioner is that the transaction in which the stock was issued was in effect a borrowing of money at 8 per cent. and a pledging of the stock as collateral security for the money borrowed, subject, however, to an agreement that the stock should be forfeited in payment of the loan unless payment should be made otherwise within the period for which the loan was to run. It is said that the stock was worth par, and that, as a result of its forfeiture under this agreement, petitioner sustained a loss of the difference between its value and the amount of the loan. Reliance is placed upon such cases as Commissioner v. S. A. Woods Mach. Co. (C. C. A. 1st) 57 F.(2d) 635, 636, wherein it is held that gains and losses realized by a corporation in dealings in its own stock should be taken into account in computing income. These cases, however, have no application to such a situation as is here involved; for it is clear that here the petitioner has sustained no loss as a result of the transaction in question. Even if the preferred stock be assumed actually to have been worth par, which does not appear, the corporation certainly sustained no loss in failing to repurchase or redeem it. That failure, resulting as it did in the rights of the preferred stockholders becoming indefeasible, may have had some effect upon the value of the holdings of the common stockholder; but the corporation itself, which is the taxpayer here, sustained no loss of any character.

But there is no reason to regard the transaction as a loan. It was in fact, as well as in theory, a sale of stock at a discount with option reserved to repurchase; and the corporation sustained no loss either as a result of the sale at discount or of the failure to exercise the option. By Treasury Regulations 69, articles 543 and 563, it is provided that the proceeds from the original sale by a corporation of shares of its capital stock shall be

taken to constitute capital and not income, and that where the stock is sold at a discount, the amount of the discount is not a deductible loss. As was well said by the Circuit Court of Appeals of the First Circuit in Commissioner v. Woods Mach. Co., supra: "Whether the acquisition or sale by a corporation of shares of its own capital stock gives rise to taxable gain or deductible loss depends upon the real nature of the transaction involved. Walville Lumber Co. v. Com. of Internal Revenue (C. C. A.) 35 F.(2d) 445; Spear & Co. v. Heiner (D. C.) 54 F. (2d) 134. If it was in fact a capital transaction; i. e., if the shares were acquired or parted with in connection with a readjustment of the capital structure of the corporation, the Board rule applies. Doyle v. Mitchell Bros. Co., 247 U. S. 179, 184, 38 S. Ct. 467, 62 L. Ed. 1054; Eisner v. Macomber, 252 U. S. 189, 40 S. Ct. 189, 64 L. Ed. 521, 9 A. L. R. 1570."

The sale of stock here was clearly a capital transaction. The mere fact that the sale at discount was accompanied by an option to repurchase, and that it did not become absolute and irrevocable until two years afterward instead of immediately, cannot affect the application of the rule.

Affirmed.