## ALLYNE–ZERK CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 6983.

Circuit Court of Appeals, Sixth Circuit.

April 16, 1936.

J. T. Scott, of Cleveland, Ohio (John H. Watson, Jr., and M. B. & H. H. Johnson, all of Cleveland, Ohio, on the brief), for petitioner.

Harry Marselli, of Washington, D. C. (Frank J. Wideman, Sewall Key, and L. W. Post, all of Washington, D. C., on the brief), for respondent.

Before MOORMAN, HICKS, and ALLEN, Circuit Judges.

ALLEN, Circuit Judge.

The Board of Tax Appeals sustained a determination of income tax deficiency for the year 1924 in the sum of $26,846.46.

The question is whether the value of its own stock, received by a corporation as partial consideration in a sale of its assets, which stock is cancelled upon its receipt, is to be regarded as gross income for the purpose of determining taxable net income.

The material facts are stipulated. On December 29, 1924, the petitioner agreed to sell to the Bassick Manufacturing Company all of its property and assets. The Bassick Company agreed, among other things, to pay $410,066.67 and to surrender to petitioner for cancellation 5,640‰₁₃ of the 12,533 outstanding shares of petitioner's capital stock. The contract was fully performed during the year 1924, and the petitioner received and cancelled the stock certificates simultaneously with the closing of the transaction. The petitioner filed a certificate of dissolution on February 9, 1925. The stock surrendered is admitted to have

been worth $210,961.89, and the respondent computed gain from the sale by adding to the cash price of $410,066.67 the value of the shares, making total receipts of $621,028.56, and deducting therefrom the net cost of the assets valued at $466,997.24.

The petitioner's main·contention is that since the shares surrendered to it were cancelled, they were not assets in its hands, that the benefit sustained accrued to the individual stockholders, and not to the corporation, and that hence no taxable gain resulted, but that a loss was sustained in the sale. If the value of the stock be disregarded, it is true that there was a loss of $56,930.57. We do not agree, however, that its value should be disregarded. It is true that the value of·the remaining shares was substantially enhanced by the cancellation of the certificates surrendered, and in this sense the remaining shareholders were benefited. However, the petitioner received the stock as a part of the consideration for the sale of the assets. Hence the transaction falls within the exact terms of section 202·(c) of the Revenue Act of 1924, c. 234, 43 Stat. 253, 255, "The amount realized from the sale or other disposition of property shall be the sum of any money received plus the fair market value of the property (other than money) received." As the shares admittedly were worth $210,961.89, the aggregate receipts from the sale are not complete unless they include this value. So included, taxable gain was realized and correctly computed by the Board.

While the question is close, we think the rule followed by the Board is sound. In general, the question whether acquisition by a corporation of its own capital stock gives rise to a taxable gain depends upon the real nature of the transaction involved. Commissioner v. S. A. Woods Machine Co., 57 F.(2d) 635 (C.C.A.1); Commissioner v. Boca Ceiga Development Co., 66 F.(2d) 1004 (C.C.A.3). When the stock is received in a sale under section 202 (c) of the Revenue Act of 1924, the fair market value of the stock must be included in the amount realized. In the Woods Machine Company Case the corporation received its own stock in settlement of a suit, and retired it. It was held that taxable gain resulted. Here the petitioner received its own stock in part payment for a sale of its assets, and cancelled it. What a taxpayer does with income received has no bearing upon the question whether he is subject to tax. Cf. Lucas v. Earl, 281 U.S. 111, 50 S.

Ct. 241, 74 L.Ed. 731; Burnet v. Leininger, 285 U.S. 136, 52 S.Ct. 345, 76 L.Ed. 665.

The order of the Board of Tax Appeals is affirmed.