## JEWEL TEA CO., Inc., v. UNITED STATES.

District Court, S. D. New York.
April 22, 1936.

Sage, Gray, Todd & Sims, of New York City, and Charles D. Hamel and John Enrietto, both of Washington, D. C. (Alan E. Gray and C. F. Rothenberg, both of Washington, D. C., of counsel), for petitioner.

Lamar Hardy, U. S. Atty., of New York City (Edward J. Ennis, Asst. U. S. Atty., and Craigh Leonard, Sp. Asst. U. S. Atty., both of New York City, of counsel), for the United States.

COXE, District Judge.

The sinking fund provisions of the preferred stock did not create any debtor and creditor relation. Hazel Atlas Glass. Co. v. Van Dyk & Reeves, Inc. (C.C.A.) 8 F.(2d) 716; Commissioner v. O. P. P. Holding Corporation (C.C.A.) 76 F.(2d) 11. United States v. Kirby Lumber Co., 284 U.S. 1, 52 S.Ct. 4, 76 L.Ed. 131, has, therefore, no application. The general rule is that a corporation receives no gain or loss from the purchase of its own stock. Johnson v. Commissioner (C.C.A.) 56 F. (2d) 58, certiorari denied Johnson v. Burnet, 286 U.S. 551, 52 S.Ct. 502, 76 L.Ed. 1287. And on the basis of the facts alleged in the amended complaint, the case is not within the exception recognized in Commissioner v. S. A. Woods Mach. Co. (C.C.A.) 57 F.(2d) 635, certiorari denied 287 U.S. 613, 53 S.Ct. 15, 77 L.Ed. 532. Neither is the statement in the claim for

refund that "all of said purchases were part of a plan of acquiring its entire preferred stock issue" overridden by a general allegation that the transaction was "entered into by petitioner for profit and as part of its trade or business." Dascomb v. McCuen (C.C.A.) 73 F.(2d) 417.

The motion of the defendant to dismiss is granted.