## GOLDEN STATE THEATRE & REALTY CORPORATION v. COMMISSIONER OF INTERNAL REVENUE.

### No. 9902.

Circuit Court of Appeals, Ninth Circuit.

Feb. 9, 1942.

L. S. Hamm, B. E. Kragen, and Jesse Feldman, all of San Francisco, Cal., and Lionel B. Benas, of Oakland, Cal., for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., and J. Louis Monarch and Hubert L. Will, Sp. Assts. to Atty. Gen., for respondent.

Before WILBUR, DENMAN, and HEALY, Circuit Judges.

WILBUR, Circuit Judge.

This is an appeal from a decision of the Board of Tax Appeals holding the petitioner liable for income taxes for the year 1936 upon the value of certain of its shares transferred to it by a wholly owned subsidi-

ary, a corporation known as the San Francisco Wigwam Theatre Company, hereinafter called the "Wigwam Company".

It appears from the record that in 1931 the Wigwam Company purchased 4,397 shares in the parent corporation for $50,701.25 and subsequently, on December 15, 1936, distributed them to that corporation. On December 31, 1936, the shares were worth $65,295.45. Whether or not said shares were purchased with earnings of the Wigwam Company does not appear from the record, but it does appear that they were assigned to the petitioner, the parent corporation, on December 15, 1936, without the payment of any consideration therefor. The question is whether the stock so transferred to the parent corporation is a dividend constituting income of that corporation for the year 1936 taxable at its market value under § 115(a), (j), Revenue Act of 1936, c. 690, 49 Stat. 1648, 26 U.S.C.A. Int.Rev.Code, § 115(a, j).

■ Whether or not the acquisition of shares of its own stock by a corporation is taxable as income depends upon the nature of the transaction and not upon the disposition of the stock after acquisition (Allyne-Zerk Co. v. Com'r, 6 Cir., 83 F. 2d 525; Com'r v. S. A. Woods Mach. Co., 1 Cir., 57 F.2d 635; Dorsey Co. v. Com'r, 5 Cir., 76 F.2d 339; Com'r v. Boca Ceiga Development Co., 3 Cir., 66 F.2d 1004, 1005; Treasury Regulations 77, Art. 66) unless the corporation is dealing with its own shares on the market, in which event the gain is clearly taxable (Treas.Reg. 77, Act of 1932, Art. 66, § 2) the same as in the case of any other stock purchased and sold by it. Thus it appears that it is immaterial whether or not the acquired stock becomes treasury stock, either by action of the corporation or by operation of law, if it in fact represents corporate gain.

The petitioner claims that the transfer to it by a subsidiary is not a taxable dividend (we quote) "by reason of the fact that under the laws of the state of California said stock was treasury stock and the same was of no value to the petitioner. Therefore, the transfer resulted in no gain to petitioner even though it might be held to be a dividend. In other words, no property of value was transferred, no gain resulted and to levy a tax where no tax was due would be to violate the purpose and intent of the Internal Revenue Act." This proposition is predicated in part upon the contention that under the laws of Cal-

ifornia (§§ 342, 342a, 342b of the Civil Code,) where a corporation acquires its own stock, such stock thereupon becomes treasury stock. Consequently, it argues that as the purchase by the wholly owned subsidiary would be equivalent to a purchase by the corporation itself the stock at once became treasury stock of the parent corporation. The argument is based upon the above sections of the California code.

Section 342 of the Civil Code provides that "a corporation may not purchase directly or indirectly any shares issued by it or by any corporation by which it is controlled, except as follows: * * *" Then follows a statement, not relevant here, of eight exceptions wherein such stock may be purchased.

Section 342a of the Civil Code of California provides that "when a corporation acquires its shares * * * such shares may be carried as treasury shares or may (at the option of the board of directors) be retired, but no change in the stated capital shall be made either upon the acquisition or retirement of such shares unless proceedings are duly taken to that end under section 348, Civil Code * * *."

Section 342b of that code provides: "Treasury shares shall not carry voting or dividend rights and shall not be counted as outstanding shares for any purpose, nor as assets for the purpose of computing a surplus available for dividends or the purchase of shares issued by the corporation or the making of any other distributions to its shareholders."

These elaborate provisions of the California Civil Code are directly traceable to the decisions of the Supreme Court of California holding that a corporation could not purchase its own shares, because so to do would result in an unauthorized decrease of its capital. Schulte v. Boulevard Gardens Land Co., 164 Cal. 464, 129 P. 582, 44 L.R.A.,N.S., 156, Ann.Cas.1914B, 1013. It would work utter confusion to hold that stock in a parent corporation purchased by a subsidiary ipso facto became the property of the parent corporation because it would involve the conclusion that all the property of the subsidiary belonged to the parent corporation. Although the California statute contains prohibitions against the acquisition of stock in the parent, or holding, company applicable alike to both it and the subsidiary, it does not provide that stock purchased by one shall thereby become the property of the other.

It is not true, as the petitioner seems to conclude, that corporate identity can be ignored because of the relationship of a holding corporation to its subsidiary. The corporations are not identical and the taxpayer cannot insist upon ignoring the effect of the corporate identity he has created. Burnet v. Commonwealth Imp. Co., 287 U.S. 415, 53 S.Ct. 198, 77 L.Ed. 399. The stock of the parent corporation held by the subsidiary was part of the latter's assets just as much as though it had been the stock in another corporation. The stock was distributed by the subsidiary to its stockholder without consideration. This distribution was held by the Commissioner to be a dividend of its earnings and his ruling is presumptively correct. Fitch v. Helvering, 8 Cir., 70 F.2d 583. We therefore have a parent company receiving a dividend of a market value of $65,295.45. We find no difficulty in upholding the conclusion of the Board of Tax Appeals.

Affirmed.