CLÍNICA DÍAZ GARCÍA, INC., Petitioner, *v.* TAX COURT OF PUERTO RICO, Respondent; RAFAEL BUSCAGLIA, TREASURER OF PUERTO RICO, Intervener.

No. 127. Argued May 1, 1947.—Decided May 29, 1947.

*Celestino Iriarte, F. Fernández Cuyar,* and *H. González Blanes* for petitioner. *Luis Negrón Fernández, Acting Attorney General,* and *J. Rivera Barreras, Assistant Attorney General,* for intervener, complainant in the main proceeding.

MR. JUSTICE SNYDER delivered the opinion of the Court.

In order to resolve a dispute among dissident stockholders, in 1935 Clínica Díaz García, Inc., purchased 27 shares of its own stock, which had a par value of $1,000 each, from two of its stockholders for $39,332.20.[1] The corporation entered the difference between the par value and the purchase price—$12,332.20—in its books as a "capital deficit" and deducted the same as a loss in its 1935 income tax return. The

---

[1] The purchase price actually consisted of a cession of a credit of $31,228.50 in favor of the corporation with the Industrial Commission and the assumption of a debt of $8,103.70 of one of the stockholders to a third person. The parties have not argued that the result herein is affected by the fact that the purchase price consisted of these items instead of cash.

Treasurer disallowed this deduction and notified the corporation of the corresponding deficiency. The case is here on certiorari to review the decision of the Tax Court dismissing the complaint of the taxpayer.

Although the record is not so clear as it might be on this question, we assume for the benefit of the taxpayer that when the stock was originally issued, the corporation received $1,000 per share therefor and that in 1935 the market value thereof was $1,000 a share. Nevertheless, we find no basis for holding that the purchase of this stock by the corporation and its retention as Treasury stock constituted a deductible loss for the corporation in 1935.

Article 258 of our Regulations reads as follows:

"Articles 258.—Sale of Capital Stock.—The proceeds from the original sale by a corporation of its shares of capital stock, whether such proceeds are in excess of or less than the par value of the stock issued, constitute the capital of the company. If the stock is sold at a premium, the premium is not income. Likewise, if the stock is sold at a discount, the amount of the discount is not a loss deductible from gross income. If, for the purpose of enabling a corporation to secure working capital or for any other purpose, the shareholders donate or return to the corporation to be resold by it certain shares of stock of the company previously issued to them, or if the corporation purchases any of its stock and holds it as treasury stock, the sale of such stock will be considered a capital transaction and the proceeds of such sale will be treated as capital and will not constitute income of the corporation. A corporation realizes no gain or loss from the purchase or sale of its own stock. See article 268."

The only case cited by the taxpayer in support of its contention is *Commissioner of Internal Revenue* v. *S. A. Woods Mach. Co.*, 57 F.(2d) 635 (C.C.A. 1, 1932), cert. denied, 287 U. S. 613. In that case the court held that the value of shares of its own stock received by a corporation in settlement of pending litigation was taxable income, in spite of the Federal Regulation equivalent to Art. 258 which was then in force. The court said at p. 636:

"Whether the acquisition or sale by a corporation of shares of its own capital stock gives rise to taxable gain or deductible loss depends upon the real nature of the transaction involved. . . . If it was in fact a capital transaction, i. e., if the shares were acquired. or parted with in connection with a readjustment of the capital. structure of the corporation, the Board rule applies. . . . But where the transaction is not of that character, and a corporation has legally dealt in its own stock as it might in the shares of another corporation, and in so doing has made a gain or suffered a loss, we perceive no sufficient reason why the gain or loss should not be taken into account in computing the taxable income. . . .

"The transaction involved in this case was equivalent to the payment of the debt in cash and the investment of the proceeds by the corporation in its own stock. If that had been done clearly the cash received would have been taxable income. The transaction was. not changed in its essential character by the fact that, as the debtor happened also to own the stock, the money payment and the purchase of stock were by-passed, and the stock was directly transferred in. payment of the debt. The stock was the medium in which the debt was paid. . . ."

Our case is clearly distinguishable. Here the taxpayer was not dealing in stocks as it might in the shares of another corporation. It purchased shares of stockholders in order to eliminate the latter as stockholders and retained the same: as Treasury stock. This was a capital transaction constitut- ing a readjustment of capital structure. Indeed, even the corporation labeled the alleged loss as a "capital deficit." The transaction therefore clearly falls under Article 258: rather than under the *Woods* doctrine. See *Dr. Pepper Bot- tling Co. of Miss.* v. *Commissioner,* 1 T. C. 80, 84; cf. *Cluett,. Peabody & Co.* v. *Commissioner,* 3 T. C. 169.

Although our Article 258 has remained unchanged, the. *Woods* case precipitated a change in the equivalent Federal. Regulation. Since that date the problem of corporate taxable gain or deductible loss under the new Federal Regulation has been a source of considerable litigation. But none of these cases affect the narrow question before us. See *Helver- ing* v. *Reynolds,* 306 U. S. 110; Mertens, Law of Federal

Income Taxation, § 5.11, p. 187, *et seq.;* Rankin, Income Tax Aspects of a Corporation's Dealing in its Own Shares, 89 U. Pa. L. Rev. 934; Magill, Taxable Income, rev. ed., p. 112, footnote 107; 47 Yale L. J. 111; 37 Mich.L.Rev. 1351; 43 Col. L. Rev. 412.

The decision of the Tax Court will be affirmed.