CLÍNICA DÍAZ GARCÍA, INC., peticionaria, *v.* TRIBUNAL DE CONTRIBUCIONES DE PUERTO RICO, demandado; RAFAEL BUSCAGLIA, TESORERO DE PUERTO RICO, interventor.

Núm. 127.—*Sometido:* Mayo 1, 1947. *Resuelto:* Mayo 29, 1947.

*Celestino Iriarte, F. Fernández Cuyar* y *H. González Blanes*, aboga-
dos de la peticionaria; *Hon. Procurador General Interino Luis
Negrón Fernández,* y *J. Rivera Barreras, Procurador General Au-
xiliar,* abogados del interventor, querellado en el pleito principal.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tri-
bunal.

Con el propósito de dirimir una disputa entre accionistas
disidentes, en 1935 la Clínica Díaz García, Inc. adquirió de
dos de sus accionistas, por $39,332.20, 27 de las propias ac-
ciones emitidas por ella, con un valor a la par de $1,000 cada
una.(1) La corporación contabilizó la diferencia entre el va-
lor a la par y el costo—$12,332.20—como una "merma de
capital" y dedujo la misma como pérdida en su planilla de
contribuciones sobre ingresos para 1935. El Tesorero re-
chazó esta deducción y notificó la correspondiente deficiencia
a la corporación. El caso se encuentra ante nos en *certiorari*
para revisar la decisión del Tribunal de Contribuciones de-
clarando sin lugar la querella de la contribuyente.

Si bien el récord no es lo claro que debiera ser sobre esta
cuestión, suponemos, para beneficio de la contribuyente, que
cuando se expidieron originalmente las acciones, la corpora-
ción recibió $1,000 por cada una de ellas y que en 1935 el
valor en el mercado de las mismas era $1,000 por acción. Sin
embargo, no encontramos base para resolver que la compra

(1) El costo de las acciones consistió de hecho en la cesión de un crédito
por $31,228.50 de la Comisión Industrial a favor de la corporación, y en asumir
ésta una deuda por $8,103.70 de uno de los accionistas a favor de un tercero.
Las partes no han sostenido que el resultado esté afectado por el hecho de
que el costo de las acciones consistió de estas partidas en vez de efectivo.

de estas acciones por la corporación y su retención como Acciones de Tesorería constituyeron una pérdida deducible por la corporación en 1935.

El artículo 258 de nuestro Reglamento de Contribuciones Sobre Ingresos dice como sigue:

"Artículo 258.—Venta de Acciones.—El producto de la venta original por una corporación de sus propias acciones, ya dicho producto sea mayor o menor que el valor a la par de las acciones expedidas, constituye el capital de la corporación. Si las acciones se venden a un precio mayor que su valor a la par, el exceso no es ingreso. De igual manera, si las acciones se venden con alguna rebaja, el importe de la rebaja no es una pérdida deducible del ingreso bruto. Si a fin de poder ayudar a la corporación a conseguir capital disponible o para cualquier otro propósito, los accionistas donan o devuelven a la corporación para ésta revenderlas, ciertas acciones de la corporación previamente expedídasles, o si la corporación compra cualesquiera acciones y las retiene como acciones de tesorería, la venta de tales acciones será considerada como una transacción de capital y el producto de tal venta será tratado como capital y no constituirá ingreso de la corporación. Una corporación no efectúa ganancia o pérdida alguna como resultado de la compra o venta de sus propias acciones. Véase el artículo 268."

El único caso citado por la contribuyente en apoyo de su contención es el de *Commissioner of Internal Revenue* v. *S. A. Woods Mach. Co.,* 57 F.2d 635 (C.C.A. 1, 1932), certiorari denegado, 287 U. S. 613. En dicho caso la corte resolvió que el valor de acciones emitidas por una corporación, recibidas por ella misma en transacción de un pleito pendiente, era ingreso tributable, a pesar del Reglamento Federal equivalente al artículo 258 que estaba entonces en vigor. Dijo la Corte a la pág. 636:

"Depende de la naturaleza real de la transacción envuelta, el que la adquisición o venta por una corporación de acciones de su propio capital dé lugar a ingreso tributable o pérdida deducible. . . Si en verdad fué una transacción de capital, v. g., si las acciones se adquirieron o se traspasaron en relación con un reajuste de la estructura del capital de la corporación, es de aplicación la regla de la Junta. . . . Pero cuando la transacción no goza de tal carácter,

y una corporación legalmente ha negociado con sus propias acciones de la misma manera que lo podría hacer con acciones de otra corporación, y al así negociar ha obtenido una ganancia o sufrido una pérdida, no vemos razón suficiente para hacer caso omiso de la ganancia o pérdida al computar el ingreso tributable . . . .

"La transacción envuelta en este caso equivalía al pago de una deuda en efectivo y la inversión de dicho numerario por la corporación en sus propias acciones. De haberse hecho esto claramente el efectivo recibido hubiera sido ingreso tributable. La transacción no sufrió cambio alguno en su carácter esencial por el hecho de que, como el accionista tenía también algunas acciones, el pago en efectivo y la compra de las acciones fueron soslayados, y las acciones fueron transferidas directamente en pago de la deuda. Las acciones fueron el medio utilizado para el pago de la deuda . . ."

Nuestro caso es claramente distinguible. Aquí la contribuyente no negociaba con sus propias acciones de la misma manera que lo podría hacer con acciones de otra corporación. Compró acciones a personas con el fin de eliminar a éstas como accionistas y retuvo dichas acciones en Tesorería. Esta fué una transacción de capital que constituía un reajuste de la estructura del mismo. En verdad, aun la propia corporación designó la supuesta pérdida como un *capital deficit* (merma de capital). Por tanto la transacción cae claramente bajo el artículo 258 más bien que bajo la doctrina del caso de *Woods*. Véanse *Dr. Pepper Bottling Co. of Miss.* v. *Commissioner*, 1 T.C. 80, 84; *cf. Cluett, Peabody & Co.* v. *Commissioner*, 3 T.C. 169.

Si bien nuestro artículo 258 no ha sufrido alteración alguna, el caso de *Woods* dió lugar a un cambio en su equivalente del Reglamento Federal. Desde entonces el problema de ganancias de corporaciones sujetas a tributación o pérdidas deducibles bajo el nuevo Reglamento Federal ha sido fuente de considerable litigación. Pero ninguno de esos casos afecta la limitada cuestión antes nos. Véanse *Helvering* v. *Reynolds Co.*, 306 U.S. 110; Mertens, *Law of Federal Income Taxation*, sección 5.11, pág. 187, *et seq.;* Rankin, *Income Tax Aspects of a Corporation's Dealing in its Own Shares,*

89 U. Pa. L.Rev. 934; Magill, *Taxable Income,* ed. rev., pág. 112, nota 107; 47 Yale L. J. 111; 37 Mich. L. Rev. 1351; 43 Col. L. Rev. 412.

*La decisión del Tribunal de Contribuciones será confirmada.*