JOSEPH J. CACCIATORE, trustee, *vs.* STATE TAX
COMMISSION.

Suffolk.   April 10, 1975. — June 12, 1975.

Present: TAURO, C.J., BRAUCHER, HENNESSEY, KAPLAN, & WILKINS, JJ.

*Taxation,* Appellate Tax Board: appeal to Supreme Judicial Court;
Massachusetts trust.

Upon an appeal to this court under G. L. c. 58A, § 13, from a deci-
sion by the Appellate Tax Board, this court declined to consider
an issue whether a payment received in 1971 by a Massachusetts
trust with transferable shares on account of an instalment sale of
real estate made by it in 1966 constituted, under c. 62, §§ 1 (f),
8 (c), tax free earnings and profits "shown by the books" of the
trust where no such issue was raised before the board.   [149-151]

APPEAL from a decision of the Appellate Tax Board.

*Gilbert S. Bass* for the taxpayer.

*Howard J. Whitehead,* Assistant Attorney General, for
the State Tax Commission.

BRAUCHER, J.   The plaintiff taxpayer, trustee of a
Massachusetts trust with transferable shares, appeals from
a decision of the Appellate Tax Board.   Neither party
requested the board to make findings of fact and a report
thereof.   The defendant commission argues that the
board's decision must have turned on the factual question
whether the receipts in dispute were "shown by the
books" of the trust before 1971.   G. L. c. 62, § 1 (f), as
appearing in St. 1971, c. 555, § 5.   This, says the com-
mission, is the sole issue presented by the appeal.   We
hold that this issue does not appear to have been raised in
the proceedings before the board and therefore cannot be
considered by us.   G. L. c. 58A, § 13.   We reverse and
order the disputed tax abated.

We summarize the facts shown by the admissions in the answer and the brief of the commission. The trust never filed an agreement to be taxed and was not subject to income tax before 1971, but became subject to tax under G. L. c. 62, §§ 1-8, as appearing in St. 1971, c. 555, § 5. In 1966 the trust made an instalment sale of Massachusetts real estate, and reported the sale as an instalment sale on its 1966 Federal income tax return. Its Federal income tax return for 1971 included receipts of $70,043 on account of the 1966 sale. The commission contended that these receipts were taxable at nine per cent as capital gains under § 4 (a) (3). The plaintiff claimed that the receipts were "tax-free earnings and profits" under § 8 (c), and filed an application for abatement of the tax. The commission denied the application, but reduced the amount of gain from $70,043 to $50,010 after receiving additional information as to the Massachusetts cost basis of the property sold in 1966.

Under § 8 (c) any "earnings and profits accumulated prior to the effective date" of that section (which was to take effect for taxable years commencing after December 31, 1970, St. 1971, c. 555, § 67) and during a period when the trust "was not subject to taxation . . . solely by reason of the fact that it had elected not to file with the commissioner an agreement to pay a tax shall be considered tax-free earnings and profits." Dividends paid from such tax-free earnings and profits are subject to taxation. The question whether accrued profit on a 1966 sale had been "accumulated" before 1971 even though not yet received in money was fairly presented to the board, and it would appear that it was decided against the taxpayer. The commission does not defend on that basis, however, in effect conceding that such a decision by the board would be erroneous. Cf. *First Sav. & Loan Assn.* 40 T. C. 474, 487 (1963). Contrast *Johnson v. Commissioner Int. Rev.* 56 F. 2d 58, 59 (5th Cir. 1932), cert. den. 286 U. S. 551 (1932) (cash receipts and disbursements basis); *N. J. Ennis,* 17 T. C. 465, 470

(1951) (same).   We therefore need not decide the point.
Nor do we decide whether it makes any difference that
the trust used the instalment method on its Federal
income tax returns.   Cf. G. L. c. 62, § 63, as amended
by St. 1971, c. 555, § 18, under which use of that
method apparently required the permission of the com-
mission.

The commission relies entirely on § 1 (f), defining
"dividend," as "used in this chapter," as a "distribution
. . . made . . . out of . . . earnings and profits," and
adding: "Earnings and profits, as used herein, mean the
earnings and profits shown by the books of the corpora-
tion or other entity making the distribution."   The
commission apparently assumes that this language was
intended to be applied to § 8 (c) so as to make a retro-
active bookkeeping rule for transactions recorded before
the statute was enacted in 1971.

We need not pass on this point, however, in view of
G. L. c. 58A, § 13, as amended through St. 1973,
c. 1114, § 5, which provides: "The court shall not con-
sider any issue of law which does not appear to have
been raised in the proceedings before the board."   There
is in the record before us no hint that any issue as to
what was "shown by the books" of the trust was so
raised.

The decision of the board is reversed.   The plaintiff's
application for abatement is to be granted.

*So ordered.*