## TYSON v. COMMISSIONER OF INTERNAL REVENUE.

### No. 4836.

Circuit Court of Appeals, Seventh Circuit.

June 29, 1933.

Arnold R. Baar and Herman T. Reiling, both of Chicago, Ill. (KixMiller, Baar & Hoffman, of Chicago, Ill., of counsel), for petitioner.

Sewall Key and Helen R. Carloss, Sp. Assts. to Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, of Washington, D. C. (C. R. Marshall, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C., of counsel), for respondent.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

EVANS, Circuit Judge.

This appeal is from an order of the United States Board of Tax Appeals dismissing, for want of jurisdiction, petitioner's petition for review of the Commissioner's (so-called) determination of his 1928 income tax.

The facts: Petitioner's income tax for the calendar year 1928 was fixed by the Commissioner at $22,933.32. This amount petitioner promptly paid. Subsequently, a claim for a refund was filed and allowed. The amount thereof, to wit $2,063.29 and interest thereon, was paid to petitioner by respondent. Thereafter, Commissioner became convinced that petitioner's tax was greater than the amount assessed against him. As the time fixed by statute in which a deficiency tax might be assessed against the petitioner had expired, the Commissioner wrote him a letter demanding the payment of the amount of the refund above mentioned. The taxpayer made reply thereto which brought forth a letter from the deputy commissioner, dated June 11, 1931, which is set forth in full in the margin.[1]

Taxpayer then petitioned the Board of Tax Appeals to review the action of the Com-

"[1] Treasury Department,
"Washington
"June 11, 1931.
"Mr. Russell Tyson,
"53 West Jackson Boulevard, Chicago, Illinois.
"Sir:
"Reference is made to your letter dated May 23, 1931, addressed to the Collector of Internal Revenue, Chicago, Illinois, in reply to a letter from that office dated May 19, 1931, in which you were requested to forward your certified check for $2,210.43 to cover an erroneous refund of income taxes allowed you for the year 1928, in the amount of $2,063.20, plus accrued interest thereon of $147.14.

missioner evidenced by such letter (which action taxpayer described as the determination of a deficiency tax). Respondent moved to dismiss the petition on the ground that the Board was without jurisdiction for the reason that no reviewable order had been entered by the Commissioner. The motion to dismiss was granted by a divided vote.

Petitioner raises two questions:

(1) Did the deputy commissioner's letter of June 11, 1931, constitute a determination of a deficiency tax from which the aggrieved taxpayer was privileged to appeal to the Board of Tax Appeals?

(2) Was the order of dismissal properly entered without any evidence to support respondent's motion to dismiss and without findings of fact or an opinion?

■■ We are fully in accord with petitioner's counsel and the dissenting opinion when they assert that the form of the letter or the language of the Commissioner used therein should not control over the substance or the plain effect of its language. In other words, a form may be prescribed by the Commissioner to be used upon the determination of a deficiency tax; nevertheless, a determination may be made, even though the prescribed form be not used. We likewise agree with petitioner's counsel that the sending of the notice of determination in a letter, which was not registered, is of no significance in determining the effect of the contents of the enclosed letter. The use of registered mail merely starts the running of the sixty-day statute of limitations, within which the aggrieved taxpayer may seek review of his grievance before the Board of Tax Appeals. But registration or failure to register in no way affects the character of the act of the Commissioner.

■ However, we cannot agree with petitioner in his contention that the letter constituted a determination of a deficiency tax. The last two paragraphs leave no legitimate room for argument. Instead of determining a deficiency tax, the Deputy Commissioner said:

"The assessment of a deficiency tax is barred by the Statute of Limitations * * *." Then the reason for the previous letter, which had produced the inquiry from the taxpayer, is given:

"* * * but inasmuch as the overassessment of $2,063.29 represents an erroneous refund, you are requested to forward to the Collector your certified check, * * *." That the Commissioner was not determining a deficiency tax, but was making a claim of an amount erroneously refunded is made certain by the succeeding paragraph:

"If check is not received in a reasonable length of time, the case will be referred to the General Counsel * * * for the institution of suit for recovery of the amount involved, *as provided by Section 610 of the Revenue Act of 1928.*"

Section 610 (26 USCA § 2610) is entitled "Recovery of Amounts Erroneously Refunded." It deals with the recovery of internal revenue taxes which have been erroneously refunded.

■ There is no merit to petitioner's contention that the Board of Tax Appeals should

---

"In reply to your statement that you cannot comply with the Collector's request, inasmuch as no reason or figures were furnished relative to the erroneous refund, you are advised as follows:

"Your return for the year 1928 was audited by this office on the basis of a report of the Internal Revenue Agent in Charge, Chicago, Illinois, and the overassessment of $2,063.29 was allowed, resulting principally from the elimination of income received from the Estate of Sarah B. Tyson in accordance with Treasury Decision 4258, Cumulative Bulletin VIII-1, page 247.

"Subsequent information indicates that you received dividends of $35,000.00 from the Minneapolis Leasehold Trust, of which amount 80.15% or $28,052.-50, constituted taxable income. The adjustment of this income discloses a deficiency in tax of $5,301.50 computed as follows:

| | | |
|---|---:|---:|
| Ordinary net income as adjusted by revenue agent | | $113,058.92 |
| Add: | | |
| Income received from Minneapolis Leasehold Trust | | 28,052.50 |
| Ordinary net income revised by this office | | $141,111.42 |
| Brought forward | | $141,111.42 |
| Less: | | |
| Dividends | 70,204.45 | |
| Personal exemption | 1,500.00 | 71,704.45 |
| Net income subject to normal tax | | $ 69,406.97 |
| Normal tax at 1½% on $4,000.00 | | 60.00 |
| Normal tax at 3% on $4,000.00.. | | 120.00 |
| Normal tax at 5% on $61,406.97.. | | 3,070.35 |
| Surtax on $141,111.42 | | 19,882.28 |
| Tax at 12½% on $28,860.74 | | 3,607.60 |
| Total | | $ 26,740.23 |
| Less: | | |
| Earned income credit | $ 521.25 | |
| Tax paid at source | 47.45 | 568.70 |
| Tax liability | | $ 26,171.53 |
| Tax assessed | $ 22,933.32 | |
| Allowed schedule #41155 | 2,063.29 | 20,870.03 |
| Deficiency in tax | | $ 5,301.50 |

---

"The assessment of the deficiency in tax is barred by the Statute of Limitations but inasmuch as the overassessment of $2,063.29 represents an erroneous refund, you are requested to forward to the Collector your certified check, drawn to the order of the Treasurer of the United States, in the amount of $2,210.43 which includes the erroneous interest of $147.14.

"If check is not received in a reasonable length of time the case will be referred to the General Counsel, Bureau of Internal Revenue, for the institution of suit for recovery of the amount involved, as provided by Section 610 of the Revenue Act of 1928.

"Respectfully,   J. C. Wilmer (Signed)
Deputy Commissioner."

have heard evidence on respondent's motion to dismiss the taxpayer's petition for want of jurisdiction or have made findings of fact. The taxpayer's petition set forth the letter which he claimed was the determination of a deficiency tax. That letter spoke for itself. Either it was a notice of determination of a deficiency tax or it was a statement of the Government's position respecting a claim it asserted under Section 610. A determination of this—the only question presented—required no finding of fact.

Likewise, we think petitioner's contention that the action of the Board should be reversed because no opinion was filed by the Board is rather hypercritical. The issue was a narrow one. One member, Goodrich, filed a dissenting opinion and fully stated his position. In his first sentence he said:

"It is my opinion that respondent's motion to dismiss should not be granted and therefore I dissent from the *opinion* of the majority of the Board which permits this order of dismissal to be entered."

Evidently he considered the order of dismissal to be an opinion in and of itself.

In approving the action of the Board in dismissing the petition it is hardly necessary to observe that we are not approving of the merits of the Government's claim under Section 610. The merits of that controversy will be determined when and if the respondent makes good its threat to sue. We are merely holding that the Board of Tax Appeals is an administrative body with limited jurisdiction; that its powers are prescribed by Congressional enactment; that before its jurisdiction may be invoked, the Commissioner must have given the required notice of a determination of a deficiency tax. In other words, unless the Commissioner makes a reviewable order (in this case a determination of a deficiency) no review from the order of the Board of Tax Appeals lies.

The order of dismissal is

Affirmed.