*Decision will be entered under Rule 50.*

ARUN K. CHATTERJI, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 3342–68.   Filed June 24, 1970.

*Sherman F. Levey*, for the petitioner.
*John D. Steele, Jr.*, for the respondent.

OPINION

WITHEY, *Judge:* The respondent determined a deficiency in the income tax of petitioner for the year 1965 in the amount of $269.69.

Petitioner's employer, A. D. Little, Inc., erroneously withheld FICA taxes from petitioner's wages for the quarters prior to October 1, 1965. When respondent issued a notice of deficiency to petitioner in the amount of $269.69 for the taxable year 1965, petitioner did not dispute the deficiency but pleaded that he was entitled to credit the amount of erroneously withheld FICA taxes in the amount of $174

against the deficiency. Respondent timely filed a motion to strike those paragraphs of the petition dealing with the subject matter of erroneously withheld FICA taxes on the ground that the Tax Court lacks jurisdiction over the FICA tax subject matter raised in the petition.

Arun K. Chatterji, hereinafter called petitioner, maintained his legal residence at the time he filed the petition herein at Webster, N.Y. He filed his Federal income tax return for the taxable year 1965 with the district director of internal revenue, Buffalo, N.Y.

Petitioner was a nonresident alien as that term is defined under section 101(a)(15)(F) of the Immigration and Nationality Act, as amended, 8 U.S.C.A. sec. 1101(a)(15)(F), for the period June 4, 1964, to October 1, 1965.

During the taxable year 1965, petitioner was an employee of the U.S. Department of Agriculture, Arthur D. Little, Inc., and Xerox Corp., respectively. A schedule of wages paid, Federal income tax withheld, and FICA employee tax withheld is as follows:

| Employer | Wages paid | Federal income tax withheld | FICA employee tax withheld |
|---|---|---|---|
| U.S. Dept. of Agriculture (1/1/65 to 6/1/65) | $4,705.60 | $615.14 | |
| Arthur D. Little, Inc. (6/1/65 to 11/19/65) | 5,538.48 | 732.00 | $174.00 |
| Xerox Corp. (11/19/65 to 12/31/65) | 660.32 | 92.44 | 23.94 |
| | 10,904.40 | 1,439.58 | 197.94 |

Petitioner claimed the standard deduction and the benefits of income averaging on his 1965 Federal income tax return.

The return was audited and a statutory notice was issued to petitioner based on the following adjustments: (a) Since petitioner failed to establish that he qualified for income averaging, his tax was recomputed using the normal-tax rates for a single person. (b) Petitioner was given a credit of $23.94 for excess FICA taxes withheld from his wages due to his having worked for more than one employer during the taxable year. Secs. 31(b) and 6413(c), I.R.C. 1954.[1]

The deficiency for the taxable year 1965 was computed as follows:

Taxable income shown on return ___ $9,304.40
Corrected taxable income ___ 9,304.40
Tax (with one allowable exemption) ___ 1,995.23
Total tax shown on return ___ 1,701.60

293.63
Credit for excess of FICA taxes ___ 23.94

Additional tax due ___ 269.69

[1] Unless otherwise indicated, all references are to the Internal Revenue Code of 1954, as amended.

Respondent asserted a claim for increased deficiency in the amount of $316.12 based on the disallowance to petitioner of the standard deduction in his "Motion to Strike and Limit Issues for Trial, and Claim for Increased Deficiency" filed with the Court on November 15, 1968.

At the trial, the parties agreed that petitioner is entitled to the standard deduction but is not entitled to the benefits of income averaging.

Also, the parties agreed that petitioner is not liable for Federal Insurance Contributions Act (FICA) taxes for the period January 1, 1965, to October 1, 1965, because he was present in the United States as a nonresident alien under section 101(a)(15)(F) of the Immigration and Nationality Act, as amended, 8 U.S.C.A. sec. 1101(a)(15)(F). Sec. 3121(b)(19), I.R.C. 1954.

The statute of limitations for either the petitioner's employer, Arthur D. Little, Inc., or petitioner to file a claim for refund or credit other than with respect to the instant Tax Court proceeding based on the erroneous withholding of FICA taxes from the petitioner prior to October 1, 1965, has expired under the provisions of sections 6511 and 6513(c) of the Code.

Preliminarily, it is expedient to point out that while the self-employment tax provided in sections 1401 to 1403 of the Code of 1954 is collected together with the income tax and is a tax over which this Court has jurisdiction, *Joseph M. Philbin*, 26 T.C. 1159, 1166 (1956), it is not a part of the income tax itself but a part of the revenue raised to finance the benefits provided by the Social Security Act of 1935, 49 Stat. 620, as amended. *Solly K. Frankenstein*, 31 T.C. 431 (1958), and *Cresence E. Clarke*, 27 T.C. 861, 862 (1957). The self-employment tax imposed is "an additional tax on the income derived by the self-employed * * * [taxpayer] as an employee." *Cain* v. *United States*, 211 F.2d 375, 377 (C.A. 5, 1954), certiorari denied 347 U.S. 1013 (1954).

Petitioner's contention that he should be allowed as a credit on his income taxes for 1965 the amount of FICA tax erroneously withheld by his employer must be denied. It is well settled that the statutory requirements conferring jurisdiction upon this Court must be strictly construed. See secs. 6211, 6214, and 7442,[2] 1954 Code. *Tyson* v. *Com-*

---

[2] SEC. 6211. DEFINITION OF A DEFICIENCY.

(a) IN GENERAL.—For purposes of this title in the case of income, estate, gift, and excise taxes, imposed by subtitles A and B, and chapter 42, the term "deficiency" means the amount by which the tax imposed by subtitle A or B or chapter 42 exceeds the excess of—

    (1) the sum of

        (A) the amount shown as the tax by the taxpayer upon his return, if a return was made by the taxpayer and an amount was shown as the tax by the taxpayer thereon, plus

Footnote continued on following page.

*missioner*, 66 F.2d 160, 162 (C.A. 7, 1933) ; *J. H. Johnson, et al.*, 19 B.T.A. 840 (1930), affd. 56 F.2d 58 (C.A. 5, 1932), certiorari denied 286 U.S. 551 (1932).

The Tax Court's jurisdiction is generally limited by section 6214 of the 1954 Code to the redetermination of the correct amount of a deficiency, as defined in section 6211, in income, estate, and gift taxes and does not include employment taxes of which the FICA is one. Our jurisdiction is conferred by the statute and we may not go beyond its scope. Since FICA taxes play no role in the determination of a deficiency and are not deductible from gross income under the provisions of sections 275 (a) (1) and 3502 [3] of the Code of 1954, we hold that the Tax Court does not have the authority to consider the subject matter of erroneously withheld FICA taxes.

We are mindful, of course, that section 6512 (b) gives us authority to determine an "overpayment" in income, estate, or gift taxes for the same year in respect of which the Secretary or his delegate determined a deficiency. However, in determining an overpayment of FICA taxes, the Court's jurisdiction is expressly limited by section 31 (b) [4] of the 1954 Code to those instances where excess FICA taxes are

---

(B) the amounts previously assessed (or collected without assessment) as a deficiency, over—

(2) the amount of rebates, as defined in subsection (b) (2), made.

SEC. 6214. DETERMINATIONS BY TAX COURT.

(a) JURISDICTION AS TO INCREASE OF DEFICIENCY, ADDITIONAL AMOUNTS, OR ADDITIONS TO THE TAX.—[Effective before Dec. 30, 1970] The Tax Court shall have jurisdiction to redetermine the correct amount of the deficiency even if the amount so redetermined is greater than the amount of the deficiency, notice of which has been mailed to the taxpayer, and to determine whether any additional amount, or addition to the tax should be assessed, if claim therefor is asserted by the Secretary or his delegate at or before the hearing or a rehearing.

SEC. 7442. JURISDICTION.

The Tax Court and its divisions shall have such jurisdiction as is conferred on them by this title, by chapters 1, 2, 3 and 4 of the Internal Revenue Code of 1939, by title II and title III of the Revenue Act of 1926 (44 Stat. 10–87), or by laws enacted subsequent to February 26, 1926.

[3] SEC. 275. CERTAIN TAXES.

(a) GENERAL RULE.—No deduction shall be allowed for the following taxes :

(1) Federal income taxes, including—

(A) the tax imposed by section 3101 (relating to the tax on employees under the Federal Insurance Contributions Act) ;

SEC. 3502. NONDEDUCTIBILITY OF TAXES IN COMPUTING TAXABLE INCOME.

(a) The taxes imposed by section 3101 of chapter 21, and by sections 3201 and 3211 of chapter 22 shall not be allowed as a deduction to the taxpayer in computing taxable income under subtitle A.

[4] SEC. 31. TAX WITHHELD ON WAGES.

(b) CREDIT FOR SPECIAL REFUNDS OF SOCIAL SECURITY TAX.—

(1) IN GENERAL.—The Secretary or his delegate may prescribe regulations providing for the crediting against the tax imposed by this subtitle of the amount determined by the taxpayer or the Secretary (or his delegate) to be allowable under section 6413(c) as a special refund of tax imposed on wages. The amount allowed as a credit under such regulations shall, for purposes of this subtitle, be considered an amount withheld at source as tax under section 3402.

(2) YEAR OF CREDIT.—Any amount to which paragraph (1) applies shall be allowed as a credit for the taxable year beginning in the calendar year during which the wages were received. If more than one taxable year begins in the calendar year, such amount shall be allowed as a credit for the last taxable year so beginning.

withheld as a result of receiving wages from more than one employer. Sec. 1.31–2, Income Tax Regs. The section 31(b) credit is not applicable in the determination of a deficiency herein because respondent has already allowed petitioner the section 31(b) credit resulting from excess FICA taxes withheld by Xerox, his last employer during the taxable year 1965. In the instant case, respondent concedes that petitioner was not liable for the FICA taxes prior to October 1, 1965, and determined that it was necessary for petitioner to file a claim for refund or credit pursuant to section 31.3503–1, Employment Tax Regs.[5]

We find no merit in petitioner's argument that the FICA tax is an "income tax" within the ambit of section 6211, *supra*, rather than a tax on "self-employment income" under section 1401, *supra*, and therefore the credit in question is a tax over which we have jurisdiction. In support of his position, petitioner relies on *Helvering* v. *Davis*, 301 U.S. 619 (1937), which upheld the constitutionality of the employee's portion of the tax imposed by the Social Security Act of 1935 (FICA) on the ground that it was an income tax. Admittedly, in the course of its opinion the Supreme Court referred to the social security tax on employees as a "special income tax upon employees." Howbeit, we do not believe that the Supreme Court used the phrase "income tax" in its technical or statutory sense within the intendment of section 6211, *supra*, and hence the rationale in *Helvering* v. *Davis*, *supra*, does not extend our jurisdiction to matters pertaining to credits for erroneously withheld FICA taxes. Indeed, we believe that Congress expressly denied the Tax Court jurisdiction over the FICA tax subject matter involved herein when it placed those sections of the Code dealing with that tax in a chapter outside the Tax Court's jurisdiction and classified it as an "employment tax." See chapter 9 of the 1939 Code and chapter 21 of the 1954 Code.

Petitioner acknowledges that the Tax Court does not have jurisdiction over self-employment taxes, but he urges that under section 3503,[6] this Court has authority to give the taxpayer a credit against any other tax which is due under any other chapter of the Code. Obviously, petitioner's reliance on section 3503, *supra*, is misplaced. Erroneously withheld FICA taxes cannot automatically be credited against any other tax under section 3503. Considering section 31(b) and section 3503 in conjunction, it is clear that only where excess

---

[5] In view of our discussion, *infra*, with respect to sec. 31(b) of the 1954 Code, we believe that respondent intended to refer petitioner to sec. 1.31–1(b), Income Tax Regs., for his remedy.

[6] SEC. 3503. ERRONEOUS PAYMENTS.

Any tax paid under chapter 21 or 22 by a taxpayer with respect to any period with respect to which he is not liable to tax under such chapter shall be credited against the tax, if any, imposed by such other chapter upon the taxpayer, and the balance, if any, shall be refunded.

FICA taxes are withheld as a result of receiving wages from more than one employer is a credit allowed against income tax. In all other instances, it is necessary for the employer or the employee to file a claim for refund or credit (Form 843). Sec. 1.31-2, Income Tax Regs. As we interpret section 3503, the provision means that if FICA taxes (chapter 21) are collected from an individual who is not liable for that tax for a particular period, but who is liable for Railroad Retirement Tax Act taxes (chapter 22) for the same period, the amount so paid shall be credited against the railroad tax liability and the balance, if any, refunded.

In support of his position, petitioner relies, *inter alia*, on *William E. Palmer*, 52 T.C. 310 (1969). We have carefully considered this case and find it inapposite. In *William E. Palmer, supra*, the taxpayers had filed for an exemption from tax on self-employment income and we held that the taxpayers were liable for the tax on self-employment income under section 1401 of the 1954 Code. Unlike the case at bar, the taxpayers were not seeking a credit against their income tax deficiency and respondent did not challenge our jurisdiction to direct a credit against the deficiency for erroneously withheld FICA taxes.

In the light of the foregoing, we must conclude that the Tax Court does not have jurisdiction to direct a credit against the undisputed deficiency involved herein. Accordingly, the motion pertaining to the credit is granted.

With respect to respondent's claim for an increased deficiency in the amount of $316.12 for the taxable year 1965, asserted on the ground that petitioner is not entitled to the standard deduction in the amount of $1,000 because of his status as a nonresident alien during part of the taxable year, we note that respondent stipulated at the trial that petitioner is in fact entitled to the standard deduction. Accordingly, respondent's motion for an increased deficiency is denied.

Because the petitioner concedes the deficiency herein,

*Decision will be entered for the respondent.*