Gerta Runtch v. Commissioner.
Runtch v. Commissioner
Docket No. 5288-69.
United States Tax Court
T.C. Memo 1971-206; 1971 Tax Ct. Memo LEXIS 125; 30 T.C.M. (CCH) 856; T.C.M. (RIA) 71206; August 19, 1971, filed. Gerta Runtch, pro se, 955 Bruce Ave., Clearwater, Fla. Charles L. Dunlap, for respondent. ATKINS
Memorandum Findings of Fact and Opinion ATKINS, Judge: Respondent determined deficiencies in income tax and additions to tax and penalties against petitioner as follows: Additions
Additions
to Tax
to Tax
Penalty
Income
Section
Section
Section
Year
Tax
6651(a)
6653(a)
6676(a)
1962
$206.00
$51.50
$10.30
$ 5.00
1963
368.00
92.00
18.40
5.00
1964
306.00
76.50
15.30
5.00
1965
278.00
69.50
13.90
5.00
1966
278.00
69.50
13.90
5.00
1967
278.00
69.50
13.90
5.00
The issues presented for decision are (1) whether petitiss income for each of the years in question; (2) whether petitioner's failure to file income tax returns for the years in question was due to reasonable cause and not due to willful neglect; (3) whether any part of any underpayment of tax for the years *127 in question was due to negligence or intentional disregard of rules and regulations; and (4) whether petitioner is liable for a penalty for failure to supply her identifying number for the years in question. Findings of Fact At the time of the filing of the petition herein, petitioner was a resident of 857 Clearwater Beach, Florida. She has never filed a Federal income tax return for any of the years in question. On April 24, 1962, petitioner was granted a divorce from her husband by the Circuit Court of the Sixth Judicial Circuit of the State of Florida in and for Pinellas County. As part of the divorce decree petitioner and her husband entered into a stipulation which provided that he was to pay her "as alimony, the sum of $225.00 per month." Such amount was payable without modification until petitioner either died or remarried. The stipulation also made provision for the support of their daughter. From 1962 through 1967, petitioner received total monthly alimony payments from her former husband as follows: Year
Amount
1962
$ 1,800.00
1963
2,700.00
1964
2,700.00
1965
2,700.00
1966
2,700.00
1967
2,700.00 In calculating the amount payable *128 to petitionerr as alimony, no allowance was made for the tax payable by her on receipt of the alimony payments and her attorney did not advise her that amounts received as alimony pursuant to the terms of the stipulation were includable in her gross income. She was unaware of the includability of such amounts in her gross income, and the consequent need to file Federal income tax returns, until she was informed thereof by agents of the respondent in connection with the examination of her tax liability for the years in question. In the notice of deficiency, respondent determined that the amounts received by petitioner as alimony were includable in her gross income for the taxable years 1962 through 1967. He also determined that she was required to file returns for each of the years in question and that her failure to file timely returns was not due to reasonable cause, and asserted the 25 percent addition to tax pursuant to section 6651(a). He further determined that some part of the underpayment of tax for each of the years in question was due to negligence or intentional disregard of rules and regulations and asserted the 5 percent addition to tax pursuant to section 6653(a). Respondent *129 also determined that petitioner was liable for the penalty of $5.00 for each of the years in question pursuant to section 6676(a) since she failed to supply her identifying number for each year. Opinion The first issue presented for decision is whether the respondent erred in including in petitioner's gross income for the years in question the amounts she received from her former husband as alimony payments. Both sections 61(a)(8) and 71(a)(1) of the Internal Revenue Code of 1954[1] provide that gross income includes amounts received as alimony payments. *130 Petitioner does not contend that the amounts included in her gross income by respondent are not properly characterized as alimony payments. She merely states that in calculating the amount to be paid as alimony under the divorce decree no provision was made for the payment of any taxes on such amount and that she was unaware at that time and during the years in question of any tax liability resulting from the receipt of alimony payments. Based upon this, petitioner requests that she be relieved of liability for tax upon the alimony payments received. While we are not insensitive to the petitioner's plight, no relief can be granted her. The Code unequivocally requires the inclusion in her gross income of the alimony payments received by her during the years in question. And of course the result is not affected by the adequacy or inadequacy of the alimony payments for meeting both her support requirements and her tax liability. Accordingly, we uphold respondent's inclusion in petitioner's gross income of the alimony payments received in the years in question. 858 As to the 25 percent addition to tax asserted under section 6651(a) of the Code [2] for failure to file returns and *131 as to the 5 percent addition to tax asserted under section 6653(a) of the Code [3] for the negligent underpayment of tax, petitioner testified only that she was unaware that alimony payments constituted gross income, implying that she was therefore unaware that she had sufficient income to require the filing of any returns and paying any tax. The burden of proof with respect to both of these additions to tax is upon the petitioner. See Lee v. Commissioner, (C.A. 5) 227 F. 2d 181, cert. denied 351 U.S. 982; Marcello v. Commissioner, (C.A. 5) 380 F. 2d 499. After carefully reviewing all the evidence we have concluded that petitioner has failed to prove that her failure to file returns was due to reasonable cause and has failed to show that no part of the underpayment of tax was due to negligence or intentional disregard of rules and regulations. We, therefore, approve the respondent's determinations of the above additions to tax. It may be added that we have held that it is not improper to impose with respect to the same taxable year both an addition to tax for failure to file returns and an addition to tax for negligence. Robinson's Dairy, Inc., 35 T.C. 601, *132 affd. (C.A. 10) 302 F. 2d 42. *133 In the notice of deficiency, respondent also asserted a $5 penalty against petitioner for each of the years in question under section 6676(a) of the Code for failure to supply her identifying number. Section 6676 provides as follows: Sec. 6676. Failure to Supply Identifying Numbers. (a) Civil Penalty. - If any person who is required by regulations prescribed under section 6109 - (1) to include his identifying number in any return, statement, or other document, (2) to furnish his identifying number to another person, or (3) to include in any return, statement, or other document made with respect to another person the identifying number of such other person, fails to comply with such requirement at the time prescribed by such regulations, such person shall pay a penalty of $5 for each such failure, unless it is shown that such failure is due to reasonable cause. (b) Deficiency Procedures Not To Apply. - Subchapter B of chapter 63 (relating to deficiency procedures for income, estate, and gift taxes) shall not apply in respect of the assessment or collection of any penalty imposed by subsection (a). The jurisdiction of this Court is statutory and it is well established *134 that the statutory requirements conferring jurisdiction upon this Court must be strictly construed. See Arun K. Chatterji, 54 T.C. 1402. Under section 6214 of the Code we have jurisdiction to "redetermine the correct amount of the deficiency," defined in section 6211. These provisions form a part of subchapter B of chapter 63. Since section 6676(b) provides that the deficiency procedures of subchapter B of chapter 63 shall not apply to the penalty under section 6676(a), it is clear that this Court does not have jurisdiction to consider the applicability of section 6676(a). Decision will be entered in accordance with the foregoing. 859 Footnotes
1. Section 61(a)(8) of the Code provides as follows: SEC. 61. GROSS INCOME DEFINED. (a) General Definition. - Except as otherwise provided in this subtitle, gross income means all income from whatever source derived, including (but not limited to) the following items: * * * (8) Alimony and separate maintenance payments; Section 71(a)(1) of the Code provides as follows: SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS. (a) General Rule. - (1) Decree of divorce or separate maintenance. - If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of (or attributable to property transferred, in trust or otherwise, in discharge of) a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation.↩
2. Section 6651(a) provides in part as follows: (a) Addition to the Tax. - In case of failure to file any return required under authority of subchapter A of chapter 61 * * * on the date prescribed therefor (determined with regard to any extension of time for filling), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate. ↩
3. Section 6653(a) provides as follows: (a) Negligence or Intentional Disregard of Rules and Regulations with Respect to Income or Gift Taxes. - If any part of any underpayment (as defined in subsection (c)(1)) of any tax imposed by subtitle A or by chapter 12 of subtitle B (relating to income taxes and gift taxes) is due to negligence or intentional disregard of rules and regulations (but without intent to defraud), there shall be added to the tax an amount equal to 5 percent of the underpayment.↩