LESLIE E. HINTZ and GLADYS B. HINTZ, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hintz v. Commissioner
Docket No. 11179-79
United States Tax Court
T.C. Memo 1981-425; 1981 Tax Ct. Memo LEXIS 318; 42 T.C.M. (CCH) 649; T.C.M. (RIA) 81425; August 12, 1981. Leslie E. Hintz and Gladys B. Hintz, pro se. Rogelio A. Villageliu, for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: Respondent has determined a deficiency of $ 12,555.90 in petitioners' Federal income tax for the year of 1977. The issues presented for our decision are: (1) whether petitioners are entitled to a deduction for repayment of amounts previously received as sickness and unemployment benefits under *319 the Railroad Unemployment Insurance Act; and (2) whether petitioners are entitled to a deduction of $ 746.75 for real property taxes. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time of filing their petition, petitioners resided in North Fond du Lac, Wisconsin. Petitioner Leslie E. Hintz was employed by the Soo Line Railroad Company. In September of 1971 he was placed on sick leave following hospitalization for severe chest pain. In January of 1972 he underwent cardio-pulmonary bypass surgery. In September 1972 the doctor who performed the surgery re-examined Mr. Hintz and found him able to return to work. Shortly after reporting for work he was examined by Soo Line's medical director, who disqualified him for employment as a locomotive engineer. Thereafter, Mr. Hintz worked as a bridgetender at a considerably lower rate of pay. Mr. Hintz filed a complaint against Soo Lines for wrongfully disqualifying him as a locomotive engineer. In February 1977 the Circuit Court of Dane County, Wisconsin, affirmed an order of the Wisconsin Department of Industry, Labor *320 and Human Relations restoring Mr. Hintz to his former position of locomotive engineer and awarding him back pay. The award did not specify the date from which back pay was to be computed. Mr. Hintz entered into an agreement with Soo Lines whereby Mr. Hintz received $ 50,000 for back wages less the following items: (1) $ 10,000 Federal withholding tax, (2) $ 3,500 Wisconsin withholding tax, (3) $ 1,716.51 employee portion of Railroad Retirement tax, (4) $ 1,689.10 repayment to Railroad Retirement Board for sickness insurance benefits drawn, and (5) $ 4,830.38 repayment to Railroad Retirement Board for unemployment insurance benefits drawn. In total, $ 21,735.99 was set off from the agreed settlement of $ 50,000, leaving Mr. Hintz with $ 28,264.01. The sickness and unemployment insurance benefits were drawn in the following amounts during the following periods: Sickness
Unemployment
Year
Benefits
Benefits
Total
1972
$ 635.00
$ 635.00
1973
1,054.10
$ 508.00
1,562.10
1974
1,365.25
1,365.25
1975
1,301.75
1,301.75
1976
1,655.38
1,655.38
$ 1,689.10
$ 4,830.38
$ 6,519.48
Soo Line was required by statute to repay to the Railroad *321 Retirement Board amounts previously paid for sick pay and unemployment benefits on any award for back pay. Petitioners timely filed a joint Form 1040 for the year 1977 reporting wages of $ 28,276.01. Petitioners did not itemize deductions. Their Form W-2, however, showed wages, tips, and other compensation of $ 78,276.01. In computing petitioners' Federal income tax deficiency, the Commissioner included as an adjustment to income the $ 50,000 Mr. Hintz received in settlement for back wages. In part because of petitioners' great increase in income, it was then more advantageous for them to itemize their deductions. The Commissioner recomputed petitioners' taxable income itemizing their deductions for them. Petitioners then filed a petition with this Court claiming that if the $ 50,000 award was includable in income, they should be allowed a deduction for the sick pay and unemployment benefits repaid. Also, petitioners requested they be credited or refunded the difference between the amount of Railroad Retirement Tax withheld and the amount they claimed should have been withheld. Thereafter, petitioners filed an amended Form 1040X and for the first time reported the $ 50,000 *322 back pay award in income; deducted the sick pay repaid to Mr. Hintz's employer to arrive at adjusted gross income; deducted the unemployment benefits repaid to Mr. Hintz' employer to arrive at taxable income; and claimed a credit for excess Railroad Retirement tax against their Federal income tax liability. Petitioners used the cash receipts and disbursements method of accounting. OPINION Petitioner Leslie Hintz received an award for wages lost as a result of having been wrongfully discharged from employment as a locomotive engineer. Shortly thereafter he entered into an agreement with his employer whereby petitioner would receive $ 50,000 in full settlement of his claim, less an amount equal to the sickness and unemployment benefits previously received by him and less certain income tax withholdings. It is clear that the $ 50,000 settlement was includable in gross income and petitioner conceded this at trial. [1]
Petitioners first contend they are entitled to deductions for repayment of amounts previously received by Mr. *323 Hintz for sickness and unemployment benefits drawn. Petitioners cite Rev. Rul. 79-322, 1979-2 C.B. 76, in support of their contention. [2] Respondent contends no provision of the Code authorizes such a deduction, and since all deductions are matters of legislative grace petitioners' contention is without merit. We agree petitioners are entitled to no deduction. Under the relevant provisions of the Railroad Unemployment Insurance Act, benefits paid by the Railroad Retirement Board on account of sickness or unemployment are not the proper subject of any tax, notwithstanding any other law of the United States. [3] Petitioners have not alleged that this exclusion is inapplicable to the benefits Mr. Hintz received. Since we find Mr. Hintz's benefits could not properly have been taxed when received, it follows that petitioners are entitled to no deduction for their repayment. *324 When an item of income received in an earlier year is repaid in a later year, a threshold requirement for deductibility upon repayment is that some portion of the item have been taxable on its receipt. United States v. Skelly Oil Co., 394 U.S. 678 (1969); Dynamics Corp. of America v. United States, 196 Ct. Cl. 282, 449 F.2d 402 (1971); Cities Service Oil Co. v. United States, 199 Ct. Cl. 189, 462 F.2d 1134 (1972); Cf. Arrowsmith v. Commissioner, 344 U.S. 6 (1952); Smith v. Commissioner, 67 T.C. 570 (1976). In Skelly Oil Co., supra, an Oklahoma producer of natural gas refunded overcharges to two of its customers on products for which it was allowed a 27 1/2 percent depletion deduction. In denying the taxpayer a deduction for the full amount of the repayment, the Court used the following language, which we find particularly compelling: [T]he annual accounting concept does not require us to close our eyes to what happened in prior years. For instance, it is well settled that *325 the prior year may be examined to determine whether the repayment gives rise to a regular loss or a capital loss. Arrowsmith v. Commissioner of Internal Revenue, 344 U.S. 6, 73 S.Ct. 71, 97 L. E. 6 (1952). The rationale for the Arrowsmith rule is easy to see; if money was taxed at a special lower rate when received, the taxpayer would be accorded an unfair tax windfall if repayments were generally deductible from receipts taxable at the higher rate applicable to ordinary income. The Court in Arrowsmith was unwilling to infer that Congress intended such a result. This case is really no different. In essence, oil and gas producers are taxed on only 72 1/2% of their "gross income from the property" whenever they claim percentage depletion. The remainder of their oil and gas receipts is in reality tax exempt. Se cannot believe that Congess intended to give taxpayers a deduction for refunding money that was not taxed when received. Cf. O'Meara v. Commissioner, 8 T.C. 622, 634-635 (1947). * * * [Skelly Oil Co., supra, at 684-685. Fn. ref. *326 Omitted. Citations omitted.] In Dynamics Corp. of America, supra, a parent corporation reached a compromise agreement with a subsidiary for the return by the parent of $ 400,000 previously received by it as as a dividend from the subsidiary on which the parent had taken a dividends received deduction of 85 percent. The Court of Claims held that the parent was entitled to a deduction of only $ 60,000 (15 percent) of the $ 400,000 repaid. In so holding, the court relied upon the "tax benefit" principle as applied in Skelly Oil and Arrowsmith, supra.
Although the above cases dealt with the deductibility of items previously received as income for which "deductions" were allowed, we find the rationale of those cases applicable to the case where the income repaid had been the subject of an "exclusion." When funds received do not enter into gross income in the first instance, we will not ignore their excludable character when a deduction is sought for their repayment in a later year. Petitioners' reliance on Rev. Rul. 79-322 is thus misplaced since that ruling expressly assumes the benefits at issue therein were taxable *327 on their receipt. Petitioners also claim a deduction for real property taxes in the amount of $ 746.75. When the Commissioner recomputed petitioners' tax liability for 1977 he allowed petitioners a deduction for real property taxes in the amount of $ 660. Having raised the issue, petitioners failed to introduce evidence to support their allegation of having paid the amount they claim. Hence, we will not sustain their claim for a deduction in an amount greater than the Commissioner has allowed. Welch v. Helvering, 290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure.
Petitioners additionally request a refund or credit for excess Railroad Retirement taxes withheld by his employer for the year (1977) he received his back-pay award. Respondent concedes in his brief that: [B]ecause the $ 50,000 back pay settlement is received in 1977 and, thus, added to the income earned in 1977 (from which the maximum amount of railroad retirement tax allowable for 1977 had already been taken) all of the withholding of railroad retirement tax on the $ 50,000 back pay settlement is excessive. The end result is that for 1977, $ 1,716.51 of excessive *328 railroad retirement tax was withheld from petitioners by the Soo Line Railroad Company. * * * However, we have no jurisdiction or authority over this matter. We can review petitioners' arguments since we lack jurisdiction to decide the question. Sections 7442, 6211-6214. See also Chatterji v. Commissioner, 54 T.C. 1402 (1970). In view of the concession respondent has made, petitioners would be well-advised to go to their nearest Internal Revenue Service office to seek assistance in filing the necessary forms to have the tax adjusted pursuant to the provisions of sections 6413(a) or (b) to the extent the statute of limitations remains open. See Rev. Rul. 54-221, 1954-1 C.B. 73. Decision will be entered for the respondent. Footnotes
1. See Newmark v. Commissioner, 311 F.2d 913 (2d Cir. 1962); Miller v. Commissioner, 144 F.2d 287↩ (4th Cir. 1944).
2. Rev. Rul. 79-322, 1979-2 C.B. 76↩ interprets sec. 165 to allow a loss deduction under certain circumstances where sick pay which is taxable when received is later returned to an employer. As subsequently noted, the sick pay in issue here was not taxable when received.
3. The relevant provisions are 45 U.S.C. sec. 351 and 352 (1976), and the applicable portions provide: SEC. 351. DEFINITIONS (l )(1) The term "benefits" (except in phrases clearly designating other payments) means the money payments payable to an employee as provided in this chapter, with respect to his unemployment or sickness. SEC. 352. BENEFITS--DAYS FOR WHICH BENEFITS PAYABLE; TABLE OF AMOUNTS Assignment, taxation, garnishment, attachment, etc., of benefits (e) Notwithstanding any other law of the United States, or of any State, Territory, or the District of Columbia, no benefits shall be assignable or be subject to any tax or to garnishment, attachment, or other legal process under any circumstances whatsoever, nor shall the payment thereof be anticipated.↩