T. BOICE PURDY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; T. BOICE PURDY AND SHEILA A. PURDY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Purdy v. Commissioner
Docket Nos. 5870-81, 5910-81.
United States Tax Court
T.C. Memo 1982-652; 1982 Tax Ct. Memo LEXIS 90; 45 T.C.M. (CCH) 74; T.C.M. (RIA) 82652; November 15, 1982. *90 P treated payments to his former wife as wages and paid withholding and FICA taxes on these payments. He has conceded that the payments were actually for child support and that the net amounts paid to his former wife were improperly deducted. Held, P was not entitled to deduct the withholding and FICA taxes paid with respect to his former wife. Held further, the Tax Court lacks jurisdiction to determine whether the withholding and FICA taxes constituted overpayments and cannot grant equitable recoupment. T. Boice Purdy, pro se. Kay L. Windram, for the respondent. WHITAKER
MEMORANDUM OPINION WHITAKER, Judge: Respondent determined deficiencies in Federal income tax and additions to the tax against T. Boice Purdy (hereinafter petitioner) for the year 1976 and against petitioner and Sheila A. Purdy for 1977 and 1978 in the following amounts: Addition to Tax
Docket No.
Taxable Year
Deficiency
sec. 6653(a) [1]
5870-81
1976
$3,802.34
$190.12
5910-81
1977
1,616.29
80.81
5910-81
1978
2,983.42
149.17 Due to concessions by the parties, the sole remaining issue concerns the treatment of income tax withholding *91 and FICA tax paid by petitioner with respect to amounts he paid his former wife in 1976 and 1977 and deducted on his Federal income tax returns as wages even though the payments were actually for child support. All the facts have been stipulated and are so found. It has been stipulated that petitioner and Sheila A. Purdy resided in Flint, Michigan, when they filed the petitions in these consolidated cases. Petitioner was a self-employed attorney during the years in issue. During 1976 and 1977, he treated payments to Dorothy Purdy, his former wife, as made to her as an employee. The following table lists the payments petitioner made with respect to his former wife in 1976 and 1977. Type of Payment
Amount - 1976
Amount - 1977
Net checks to Dorothy
Purdy
$4,357.63
$4,174.38
Federal income tax
withheld
577.70
566.80
FICA (employee
portion)
310.05
304.20
State of Michigan
178.08
174.72
City of Flint
26.50
26.00
Total
$5,449.96
$5,246.10
He also paid $310.05 in 1976 and $304.20 in 1977 as the employer portion of FICA tax on "wages" paid to her. Petitioner sent his former wife a Form W-2 for 1976 reporting the amount of income to her as $5,300, which she reported on her 1976 return. He also prepared in January *92 1978 a Form W-2 for her for the year 1977. However, the error in treating the payments to her as wages was discovered in March 1978, and therefore Dorothy Purdy did not report the amount shown on the W-2 as income for 1977. [2]
On audit, respondent determined that the amounts petitioner paid to his former wife were child support payments instead of wages and therefore disallowed [3] $5,300 of wage expense claimed by petitioner on his 1976 return and $4,959.34 on his 1977 return. [4] *93 Paragraph 6 of the stipulation of facts states that petitioner and his former wife "intended the amounts paid by petitioners with respect to Dorothy Purdy during 1976, 1977 and 1978 to be child support and not alimony or wages." Read literally, this stipulation seems to apply to the FICA and withholding taxes paid by petitioner, as well as the net checks actually received by his former wife. However, petitioner views the stipulation as applying only to the net payments. Respondent has presented no substantial objection to this interpretation of the stipulation. The stipulation thus establishes that the net payments were child support payments, which cannot be deducted by petitioner. However, it leaves open the question of how to treat the FICA and withholding taxes. Although not clearly expressed, petitioner seems to be advancing the following three arguments: (1) Petitioner should be allowed to deduct FICA and withholding taxes paid with *94 respect to his former wife because only the net amounts paid to her were child support payments; (2) because his former wife was not actually his employee, FICA and withholding taxes petitioner paid with respect to her were overpayments, which should be allowed as a credit against any income tax deficiency; and (3) if jurisdictional impediments prevent this Court from granting such a credit, we should nevertheless allow recovery of such amounts under equitable doctrines such as recoupment. Petitioner has not explained why any particular Internal Revenue Code (I.R.C.) provision might allow the deduction of the FICA and withholding taxes. Respondent points out that these amounts cannot be classified as ordinary and necessary business expenses and thus are not deductible under section 162. This position is obviously correct, for the parties agree that petitioner's former wife was not actually an employee during the years in issue and that the payments with respect to her were not actually wage payments. Petitioner vaguely suggests that the withholding and FICA taxes might be deducted as a nontaxable loss or a donation. However, the only I.R.C. provision allowing a deduction for donations *95 is section 170, which is obviously inapplicable since petitioner's former wife cannot possibly qualify as one of the organizations described in section 170(c). Nor is there any way that these amounts could possibly be characterized as losses deductible under section 165. For an individual, a loss is deductible only if it is a casualty or theft loss or incurred in a trade or business or a transaction entered into for profit. There is not the slightest ground for viewing the FICA and withholding taxes as being of any of these types.
Petitioner next argues that the withholding and FICA taxes he paid with respect to his former wife were overpayments of taxes since she was not actually employed by him in the years in issue, and that such overpayments should be allowed as credits against the acknowledged income tax deficiency. [5] *96 Respondent argues that the merits of the overpayment claim are irrelevant because under section 7442[6] the Tax Court has no jurisdiction to determine whether these amounts were overpayments. We agree with respondent. The Tax Court's jurisdiction is strictly limited. Jurisdiction is normally predicated upon issuance of a notice of deficiency.Sections 6211-6214. Notices of deficiency may be issued only in respect of taxes imposed by subtitle A (income and excess profits taxes), subtitle B (estate and gift taxes), and chapters 41, 42, 43, 44 or 45 (certain excise taxes). Section 6212. The only other jurisdiction of the Court is for cases commenced by a notice of liability as a transferee or fiduciary under section 6901 or for disclosure actions or declaratory judgment actions. See Rule 13, Tax Court Rules of Practice and Procedure.
Here, the notices of deficiency issued to petitioner concerned only his individual income tax liabilities under subtitle A, but the taxes at issue are employment taxes arising under subtitle *97 C. [7] The only jurisdiction this Court has over withholding and FICA taxes arises under section 31. Section 31(b) in conjunction with section 6413(c) allows a credit against income tax for excess FICA taxes withheld as a result of an individual's receiving wages from more than one employer. Section 31(a) allows an individual a credit for taxes withheld by his employer under section 3402. Neither of these credits applies here because they can be claimed only by the individual employee, not by the employer. Thus, petitioner's claim of an overpayment of FICA and withholding taxes arises only under subtitle C and is in no way tied in to his income tax liability, which was the subject of the notices of deficiency. Under section 7442, we have no jurisdiction to examine these questions. See Judd v. Commissioner,74 T.C. 651 (1980) (Court lacks jurisdiction to review assessment of section 6652(c) addition to tax because the addition was *98 imposed with respect to subtitle C taxes); Wilt v. Commissioner,60 T.C. 977 (1973) (Court lacks jurisdiction to review assessment of section 6672 addition to tax for employer's failure to collect and pay over employment taxes because the addition related to subtitle C taxes); and Chatterji v. Commissioner,54 T.C. 1402 (1970) (Court lacks jurisdiction to determine overpayment of FICA taxes unless they fall within section 31(b) credit). [8]
Petitioner next argues that even if there is no substantive grant of jurisdiction to the Court to decide whether to credit the employment taxes paid with respect to his former wife, we should grant him a credit under the doctrine of equitable recoupment. Recoupment is an equitable doctrine that allows a taxpayer to offset a tax collected on a wrong theory against an assessment under the correct theory, regardless of whether the Court would otherwise have jurisdiction to refund or credit the erroneously collected tax. This relief may be granted only if the same parties are involved and both *99 tax disputes arise out of the same transaction. Rothensies v. Electric Storage Battery Co.,329 U.S. 296 (1946). In cases arising in District Courts or the Court of Claims, recoupment has sometimes been granted.[9] However, because the Tax Court does not possess general equitable jurisdiction, we have consistently held that we cannot apply the doctrine of equitable recoupment, a position upheld by the Supreme Court. Commissioner v. Gooch Milling & Elevator Co.,320 U.S. 418 (1943). Although section 951 of the Tax Reform Act of 1969, 83 Stat. 730, made the Tax Court into a court under Article I of the Constitution of the United States rather than an independent agency in the Executive Branch, this change did not grant the Tax Court any additional power to apply the doctrine of equitable recoupment. Continental Equities, Inc. v. Commissioner,551 F.2d 74, 83-84 (5th Cir. 1977), affg. on this issue and reversing on another issue a Memorandum Opinion of this Court; Burns, Stix Friedman & Co. v. Commissioner,57 T.C. 392, 396 (1971). Thus, regardless of the merits of petitioner's claim that FICA and withholding taxes were overpaid, we cannot grant equitable recoupment at least where we *100 have no jurisdiction over the taxes at issue. Petitioner also intimates that the Court might grant him relief under the mitigation provisions of the I.R.C.--sections 1311 through 1314. However, section 1314(e) specifically states that these provisions shall not apply to any tax imposed by subtitle C. Therefore, they too provide no relief to petitioner. In conclusion, we hold that the Court has no power to decide whether there was an overpayment of employment taxes due to petitioner's payment of FICA and withholding taxes with respect to the amounts paid to his former wife. If the statute of limitations has not run for the years in issue, petitioner or his former spouse can claim refunds or credits for the overpaid amounts under sections 6402 and 6413. If the statute of limitations has run, there may well be the incongruous result that employment taxes paid by petitioner cannot be recovered from the Government even though the Government in this case recovers from petitioner the deficiency in income tax attributable to his misclassification of the payments to his former wife. However, because of our limited *101 jurisdiction, we have no alternative. Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended.↩
2. The stipulated facts do not show whether she claimed credits on her 1976 and 1977 returns for the income taxes withheld and paid over by petitioner.↩
3. We note that for both 1976 and 1977, the disallowed amounts were slightly less than the amounts stipulated as paid by petitioner with respect to his former wife. On this record, it is not clear exactly what types of payments were included within the disallowed amounts. For instance, we cannot tell whether petitioner initially deducted on his returns all FICA taxes paid with respect to his former wife and if so whether the disallowance applied to the deduction of the employer portion as well as the employee portion. ↩
4. Respondent also disallowed $580 of the $1,146.99 wage expense deduction claimed by petitioner on his 1978 return. Respondent now concedes that the entire 1978 wage expense deduction should be allowed because the entire amount was paid to actual employees of petitioner, not to his former wife.
5. It is unclear whether petitioner is claiming the right to receive a credit for both the employer and employee portions of FICA tax he paid, as well as the income tax he withheld and paid over. 6. Sec. 7442 provides: SEC. 7442. JURISDICTION. The Tax Court and its divisions shall have such jurisdiction as is conferred on them by this title, by chapters 1, 2, 3, and 4 of the Internal Revenue Code of 1939, by title II and title III of the Revenue Act of 1926 (44 Stat. 10-87), or by laws enacted subsequent to February 26, 1926.↩
7. An employer's liability to withhold and pay over income tax on wages paid to an employee is imposed by chapter 24 (secs. 3401-3456), and his liability to collect and pay over the employee share of the FICA tax is imposed by chapter 21 (secs. 3101-3126).↩
8. See also Hintz v. Commissioner,T.C. Memo. 1981-425↩ (Court lacks jurisdiction to determine overpayment of Railroad Retirement taxes arising under subtitle C).
9. See generally 10 Mertens, Law of Federal Income Taxation, sec. 60.06 (1976).↩