LAURA L. SIKORA, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Sikora v. Commissioner
Docket No. 43871-85.
United States Tax Court
T.C. Memo 1986-523; 1986 Tax Ct. Memo LEXIS 86; 52 T.C.M. (CCH) 873; T.C.M. (RIA) 86523; October 21, 1986. Laura L. Sikora, pro se. A. Christopher Zimmerman, for the respondent. COUVILLION
MEMORANDUM FINDINGS OF FACT AND OPINION COUVILLION, Special Trial Judge: This case was assigned pursuant to the provisions of section 7456(d) of the Code [1] and Rules 180, 181, and 182. Respondent determined a deficiency in petitioner's Federal *89 income tax for 1982 in the amount of $4,643, and additions to tax under sections 6651(a)(1), 6653(a)(1), and 6653(a)(2) in the amounts of $850.75, $232.15, and 50 percent of the interest due on an underpayment of $4,195.25, respectively. After concessions by petitioner, [2] the primary issue for decision is whether petitioner had unreported income for 1982 from the receipt of wages and "tokes" while employed as a "21" card dealer at a Reno, Nevada hotel and casino. Also at issue is petitioner's liability for the additions to tax. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation of facts and attached exhibits are incorporated herein by this reference. At the time the petition was filed, petitioner was a resident of Reno, Nevada. During 1982, petitioner was employed as a blackjack or "21" card dealer at the El Dorado Hotel and casino in Reno, Nevada. As a card dealer, petitioner received a salary from her employer and also received tips, commonly referred to as "tokes" from gambling customers. The tokes petitioner received *90 were pooled with other dealers and divided at the end of each shift. Petitioner maintained no record of her tokes during 1982. [3] Petitioner intentionally failed to file a tax return for 1982. Respondent issued the notice of deficiency and determined petitioner failed to report $12,002.50 wage income, $11,824.63 toke income, and $70 interest income. [4] In addition, respondent determined a Federal Insurance Contributions Act (FICA) tax liability under section 3101. Petitioner raises a number of what this Court has referred to as "protester type" arguments. For example, petitioner asserts (1) the filing of a tax return is voluntary and no section requires the filing of a tax return; (2) the deficiency determined against petitioner was arrived at by error on the part of respondent; (3) wages are not income; (4) tokes are not income; (5) tokes are gifts and are thus not taxable income; and (6) respondent incorrectly determined FICA tax on tokes because tokes are not wages. OPINION Section 1(c) provides in clear, concise, and pointed language that "[t]here is *91 hereby imposed on the taxable income of every individual * * * a tax determined in accordance with * * * tables" provided in the Internal Revenue Code. All taxpayers with taxable income are generally required by law to file Federal income tax returns. Section 6012. Under sections 6651 and 7203, taxpayers who fail to file may be subject to civil additions to the tax and prosecution for criminal offenses. The matter of filing tax returns and paying taxes is not voluntary. [5] Respondent is authorized under section 6213 to issue notices of deficiency for determined deficiencies and/or additions to tax. It is well settled that the determinations made by respondent in a notice of deficiency are presumed correct; the burden of proof is on petitioner, not respondent, to show that the determinations are wrong, and the imposition of the burden of proof is constitutional. Welch v. Helvering,290 U.S. 111 (1933); Rockwell v. Commissioner,512 F.2d 882, 887 (9th Cir. 1975), cert. denied 423 U.S. 1015 (1973); Rule 142(a). Moreover, this Court generally will not look behind *92 a deficiency notice to examine evidence used or the propriety of the Commissioner's motives or of the administrative policy or procedures involved in making his determinations. Proesal v. Commissioner,73 T.C. 600 (1979); Greenberg's Express, Inc. v. Commissioner,62 T.C. 324, 327 (1974). [6]
The term "taxable income" is defined in section 63(b) generally as adjusted gross income reduced by, among other things, excess itemized deductions. The term "adjusted gross income" is defined in section 62 as gross income less trade and business expenses, long-term capital gains, and various other items of deduction. The term "gross income" is defined in section 61 as all income from whatever *93 source derived including, but not limited to, wages. See Tomburello v. Commissioner,86 T.C. 540, 543 (1986). It is well settled that tokes constitute income. Olk v. United States,536 F.2d 876 (9th Cir. 1976); Tomburello v. Commissioner,supra;Catalano v. Commissioner,81 T.C. 8, 13 (1983), affd. without published opinion sub nom. Knoll v. Commissioner,735 F.2d 1370 (9th Cir. 1984). The Court of Appeals for the Ninth Circuit, to which this case would be appealable, has rejected the argument that tokes constitute nontaxable gifts. Olk v. United States, 536 F.id at 879; Tomburello v. Commissioner,supra.
As to petitioner's final argument, that tokes are not wages, section 3402 requires an employer to withhold taxes on an employee's wages for income tax purposes. Section 3401 defines wages as "all remuneration * * * for services performed by an employee for his employer * * *." Section 3401(f) provides that "the term 'wages' includes tips received by an employee in the course of his employment." Tokes are tips; clearly, toke income is wage income for *94 income tax purposes. As to whether tips are wages for FICA tax purposes, this Court has limited jurisdiction. Medeiros v. Commissioner,77 T.C. 1255, 1259 (1981); Wilt v. Commissioner,60 T.C. 977, 978 (1973); Wheeler's Peachtree Pharmacy, Inc. v. Commissioner,35 T.C. 177 (1960). This Court may only exercise jurisdiction to the extent expressly provided by Congress. See sections 7442, 6211-6214; Breman v. Commissioner,66 T.C. 61, 66 (1976); Chatterji v. Commissioner,54 T.C. 1402 (1970). We have no jurisdiction to review respondent's determinations with respect to FICA tax. Tomburello v. Commissioner,supra at 541 n.2; sections 7442, 6211-6214. Section 6651(a)(1) provides for the imposition of an addition to tax for failure to timely file a return unless such failure is due to reasonable cause and not due to willful neglect. Sections 6653(a)(1) and (2) provide for the imposition of additions to tax for the underpayment of tax which is due to negligence or intentional disregard of rules and regulations. Petitioner bears the burden of proof on these issues. Welch v. Helvering,supra; *95 Knoll v. Commissioner,supra;Catalano v. Commissioner,supra; Rule 142. Petitioner clearly failed to carry her burden as to each of these determined additions to tax. Petitioner intentionally did not file a return for 1982. Further, petitioner is required to maintain records in accordance with section 6001 and section 1.6001-1, Income Tax Regs.Cracchiola v. Commissioner,643 F.2d 1383, 1385 (9th Cir. 1981), affg. per curiam a Memorandum Opinion of this Court. Petitioner stipulated she did not keep records of the tokes she received. Therefore, we sustain the determination of the additions to tax. At this point, an admonishment to petitioner is in order. This Court noted in Hatfield v. Commissioner,68 T.C. 895, at 899 (1977): Many citizens may dislike paying their fair share of taxes; everyone feels that he or she needs the money more than the Government. On the other hand, as Justice Oliver Wendell Holmes so eloquently stated: "Taxes are what we pay for civilized society." Compania de Tabacos v. Collector,275 U.S. 87, 100 (1927). The greatness of our nation is in no small *96 part due to the willingness of our citizens to honestly and fairly participate in our tax collection system which depends upon self-assessment. Any citizen may resort to the courts whenever he or she in good faith and with a colorable claim desires to challenge the Commissioner's determination; but that does not mean that a citizen may resort to the courts merely to vent his or her anger and attempt symbolically to throw a wrench at the system. Access to the courts depends upon a real and actual wrong -- not an imagined wrong -- which is susceptible of judicial resolution. General grievances against the policies of the Government, or against the tax system as a whole, are not the types of controversies to be resolved in the courts; Congress is the appropriate body to which such matters should be referred. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated; and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Petitioner conceded she received interest income in the amount of $70 determined by respondent.↩
3. Petitioner, however, reported to her employer that she received $3,201 in tokes for 1982. ↩
4. See footnote 2.↩
5. Stonerock v. Commissioner,T.C. Memo. 1986-264↩.
6. Prior to trial, petitioner stipulated she received wages and tokes. She also stipulated as to the number of hours she worked and to the toke rate determined by respondent. At trial, she admitted that she received wages and tokes but challenged her stipulation as to the hours worked and as to the toke rate determined by respondent. She produced no evidence, however, to refute respondent's determinations, and we find she clearly failed in her burden of proof.↩